Spencer, Ch. J.,
delivered the opinion of the court. The non-joinder of William Mint urn, as a co-defendant, has very properly been abandoned. The objection could have been taken only under a plea in abatement. The case of Price and Shute, (5 Burr. Rep. 2611.) which has never been questioned, is decisive.
„ The first question is, whether the release by the Bank of New- York, to the Miniums, destroyed their remedy against the plaintiff, as drawer of the note; so that his subsequent payment to the bank was in his own wrong ? The fact is fully made out, that the note was discounted for the accommodation of the Miniums, it being unknown to the bank, at any time, for whose accommodation the note was made. The release by the bank was operative as a discharge of the Miniums; but the bank had a right to presume, that the plaintiff was the real debtor, for he was the maker of the note ; and they had also a right to consider him as consenting to the discharge of the endorsers. It is not to be doubted, that a compounding by the holder of a note with the endorser, with the consent of the drawer, does not discharge the holder’s remedy against the latter.
It is indisputable, that the paper writing, signed by the plaintiff, cannot operate as a release, for the want of a seal; (a) but it is insisted, that it may be available as an accord and satisfaction. The want of an adequate consideration is an insuperable objection to its operating in that way. The consideration expressed is one dollar. The cases of Harrison v. Wilcox and Close, (2 Johns. Rep. 449.) Fitch v. Sutton, (5 East, 232.) and Cumber v. Warn, (1 Str. 426.) are decided authorities to show, that the payment of a less sum *of money than the real debt will be no satisfaction of a larger sum, without a release by deed. But again, it has been urged, that the unsealed discharge having been given before the plaintiff had paid any thing to the bank, the implied promise raised by law on the subsequent payment by the plaintiff, would be discharged by parol, without a consideration, oh the ground that a promise before it be broken maybe discharged by parol; and we are referred to the cases of Langdon v. Stokes. (Cro. Car. *147 383.) and May v. King, (12 Mod. 538.) These eases, undoubtedly, decide, that a promise by words may be discharged by words, before a breach of the promise ; but in the broad extent in which the proposition is laid down, these cases cannot be Where there is an agreement, upon an adequate eoiwderation, to pay a sum certain, the promisor cannot avoid that agreement, by an agreement to receive a less sum; this abundantly appears by the cases already cited. An agreement, as in the case of Langdon v. Stokes, to go such a voyage before a particular day, may be discharged by parol, before it is broken; for non constat, that the promisee has any fixed or certain advantage in the performance of the voyage.
There is a decisive objection to the defence set up. The plaintilf had no existing demand when he signed the paper writing; the discharge is only of such claims, debts, dues and demands which the parties signing it respectively had against the Mini urns, or either of them, as drawers and endorsors upon any promissory notes then held by either of the persons subscribing the discharge ; and the recital to the discharge is, that the Miniums stood indebted to the subscribers respectively, upon promissory notes, or book accounts, and that, in consequence of their inability to pay, and satisfy the demands against them, the subscribers had agreed to discharge them from all future claims and demands for or on account thereof. Now, the plaintiff had no claim, debt, due or demand when he signed the discharge, nor did the Miniums then stand indebted to him upon promissory notes, or book account, nor had he any claim against them as drawers or endorsors upon any promissory notes. The plaintiffs claim arose subsequently, and in consequence of his payment to the bank ; and he does not bring, nor could he maintain a suit #against the Miniums, as endorsors of the note, for the plaintiff is the maker of the note, the payment of which gives rise to this action. The discharge, therefore, does not, in terms, release the plaintiffs right; and, arguing from it, it could not have been the intention of the parties, that the plaintiff’s demand, which was then altogether uncertain and contingent, should be discharged. The plaintiff has a right to say, and he can say it successfully, that the discharge does not embrace his present cause of action. The plaintiff is, therefore, entitled to judgment.
Judgment for the plaintiff.

 A release, without consideration, and not under seal, is void. Jackson v Stackhouse, 1 Cowen, 122. Strang v. Holmes, 7 Cowen, 224.