## E. B. NEALEY *versus* M. CILLEY.

C. being in prison on an execution issued in favor of N. and having the liberty of the prison yard, N. wrote on the back of the prison bond a certificate that he exonerated the sureties from all liability. But the certificate was not under seal and was without consideration. Immediately afterwards C. escaped and went at large, without the prison limits,—it was held that the certificate was not sufficient evidence to show the assent of N. to the escape.

DEBT upon a judgment of this court here at September term, 1822, for $93,97 debt, and 13, 68 costs.

The defendant pleaded in bar that, on the 14th November, 1822, execution issued on the said judgment, by virtue of which the body of the said Cilley was arrested and committed to prison, and that said Cilley being so in prison, the said Nealey on the 15th February, 1823, voluntarily discharged him from his said imprisonment. To this the plaintiff replied, that he did not voluntarily discharge the said Cilley, and concluded to the country, and the defendant joined the issue.

At the trial here September term, 1828, the only evidence offered by the defendant to prove a voluntary discharge of Cilley from the imprisonment was a memorandum on the back of the prison bond, given by Cilley to obtain the liberty of the prison yard, which memorandum was as follows:

" Exeter, February 15, 1823. This may certify that I hereby exonerate and discharge the within named bondsmen from all liability to me on account of the within bond. E. B. NEALEY."

Immediately after the said memorandum was made Cilley went at large, out of the limits of the prison yard.

The Court being of opinion that the evidence was not sufficient to show a voluntary discharge, directed a verdict for the plaintiff subject to the opinion of the court upon the foregoing case.

*Tenny*, for the plaintiff.

*Lawrence*, for the defendant.

*By the court.* We have attentively considered this case, but without changing the opinion which we entertained at the time when the cause was tried.

The question is, whether it ought to have been submitted to the jury to infer from the memorandum on the back of the bond alone, that the plaintiff voluntarily discharged the defendant from imprisonment ?

The memorandum shows on the face of it nothing more than that the creditor was willing to discharge the sureties who executed the prison bond. It may perhaps afford some ground for the conjecture that the plaintiff intended to discharge the sureties in order that the defendant might be able to go at large without injury to them, and that there was no objection on the part of the plaintiff that he should go at large if it could be done without discharging the judgment. This is the utmost extent to which any reasonable conjecture can carry us. There is, then, no ground even to conjecture that the plaintiff intended to assent to the discharge of the defendant. It may be easily conceived that the plaintiff may have been willing and even desirous that the defendant should be at large and yet never have consented to his discharge. A regard to his interest may have restrained him from gratifying his wishes, and although willing to discharge the sureties, he may not have been willing to assent to the discharge of the prisoner.

If then the memorandum furnishes any evidence of such an assent on the part of the plaintiff, that evidence must result from the legal operation of the memorandum. If that writing had the effect to place the defendant absolutely and unconditionally at large, it may be evidence of an assent on the part of the plaintiff to the enlargement of the prisoner. For it may perhaps be reasonably presumed that the plaintiff knew the legal effect of the writing he signed.

The decision then in this case must depend upon the legal operation of the memorandum.

It is not necessary to consider in this case several questions which might have arisen, had the memorandum been under seal,—would a release of the sureties by deed have discharged the principal ? And if so, would that have had the effect to set the prisoner at large, or in any way to discharge the judgment ? These questions might have arisen, had the instrument been under seal, but cannot arise upon this memorandum. For it is well settled that when a duty is created by deed, it cannot be discharged by a release not under seal, and without consideration, because such a release is void. 1 Cowen, 122, *Jackson* v. *Stackhouse* ; 2 Wilson, 376, *Rogers* v. *Payne* ; Yelv. 192 ; Cro. James, 254, *Neale* v. *Sheffield* ; 6 Coke's Rep. 44, *Blake's case.*

Even a parol promise cannot, after it is broken be discharge by a release not under seal. 13 Johns. 87, *Crawford* v. *Millspough*. Although a parol promise may be discharged before breach by parol. 3 Croke, 383, *Langdon* v. *Stokes* ; 3 Lev. 237 ; 5 East, 230 ; 17 Johns. 169, *Seymour* v. *Minturn.*

This memorandum is not under seal, and there is no evidence of any consideration, and standing alone it must be considered as void, and without any operation, even to discharge the sureties. No evidence of an assent to discharge the prisoner, can be deduced then from its legal operation.

Nealey
*v.*
Cilley.

We would not be understood to intimate that the memorandum may not be sufficient to protect the sureties, should there be an attempt to charge them. We go no farther now than to say that standing alone it cannot operate as a release of the obligation.

For these reasons we are of opinion that there must be

*Judgment on the verdict.*