|       |       |
|-------|-------|
| 2     | 209   |
| 70    | 220   |

| 2     | 209   |
|-------|-------|
| e75   | 363   |

| 2     | 209   |
|-------|-------|
| f78   | 306   |

## POPE *against* TUNSTALL *and* WARING.

### ERROR *to Pulaski Circuit Court.*

The doctrine that one bond accepted in lieu of another is no satisfaction, holds only where there is a simple exchange of bonds. There must be some difference between the former and latter contract, to show that the parties intended to alter it, by substituting something more advantageous to the creditor than he before possessed, as by shortening the time, giving other security, or the like.

To a bond, accord and satisfaction by deed alone can be pleaded.

Accord *executed* is satisfaction—accord executory is not—and an accord must be completely executed, in all its parts, before it can produce any legal obligation or effect.

A plea, simply alleging acceptance of a smaller sum of money, in satisfaction of a larger, is bad : but if it alleges the payment of a less sum before the day of payment stipulated in the contract, or at a different place ; or the delivery of a specific article in satisfaction, and acceptance thereof in satisfaction, it is good : so a plea alleging payment of a less sum by a third person, and acceptance in satisfaction.

An accord, with mutual promises to perform, is good, though the thing be not performed at the time of action.

If a debtor give his note, endorsed by a third person, as further security for part of the debt, which is accepted by the creditor in full satisfaction, it is a valid discharge of the whole of the original debt ; and may be pleaded in bar as an accord and satisfaction.

An express agreement by a creditor, to take a bill or note for the full amount of his debt, as an absolute payment or extinguishment thereof, destroys the right of action on the original contract.

In debt on bond, a plea avering that before suit brought, the obligees in the bond had taken a third person into partnership ; that before suit the defendant, with two securities, executed to the new partnership a new bond, on longer time, which was accepted and received in full satisfaction and discharge of the bond sued on ; these facts being aptly pleaded ; is a good plea in bar of accord and satisfaction.

Shortening the time of payment alone, is not the only case in which a plea of this kind would be good. Any change, or alteration, which renders the creditor's situation more advantageous, or the debt more secure, will suffice.

This was an action of debt, instituted by defendants in error, as partners under the name, style, and firm of *Tunstall and Waring against W. F. Pope and James W. Dunahay,* upon a writing obligatory bearing date 19th of May, 1838, for $1,109 35.

Pope pleaded *nil debet,* and a second plea of accord and satisfaction, in which he alleged that "after the execution and delivery of the certain writing obligatory of the said Dunahay and the said Pope, to the said Tunstall and Waring, in the declaration of the said plaintiff mentioned, on the 25th day of January, 1839, at the county of Pulaski, aforesaid, the said James M. Tunstall, and the said George Waring, co-partners as aforesaid, entered into co-partnership with one

27

Robert S. Carter, and then and there admitted and received the said Robert S. Carter into co-partnership with them, the said Tunstall and Waring, as well in the matter of the said writing obligatory, as in trade or merchandize, and the said Tunstall, and Waring, and Carter, then and there did, and carried on, and at until the present time, have carried on and done business, as merchants, in company, by and under their co-partnership name, firm, and style, of Tunstall, Waring, and Co., and the said Pope, in fact, further saith, that after the form-- ing and entering into said last mentioned co-partnership, and before the institution of this suit, to wit: on the said 25th day of January, A. D. 1839, at the county of Pulaski aforesaid, the said Pope, by the name, style, and description, of Wm. F. Pope and Alexander V. Brookie, by the name, style, and description, of A. V. Brookie and Nicholas Peay, by the name, style, and description, of N. Peay, made and sealed their several joint and several writing obligatory, bearing date the day and year last aforesaid, in the words, letters, and figures, following, to wit: " On or before the first day of January, (1843,) one thousand eight hundred and forty-three, we *jointly and severally* pro- mises to pay James M. Tunstall, George Waring, and R. S. Carter, trading and doing business under the name, style, and firm, of Tun- stall, Waring, & Co., or order, one thousand one hundred and eighty- six dollars and eighty-five cents, for value received, drawing interest at the rate of nine per cent. per annum from date until paid. Never- theless, it is understood, that I am privileged to pay one-fourth of the above amount on the first day of each year, with the interest thereon, until the whole is completely liquidated, both principal and interest. Given under our hands and seals this 25th day of January, 1839.

WM. F. POPE, [L. S.]

A. V. BROOKIE, [L. S.]

N. PEAY, [L. S.]"

And then, and thereby meant to promise, and promised, jointly, and severally, to pay the said James M. Tunstall, and the said Geo. Waring, and the said Robert S. Carter, by the name, style, and de- scription of R. S. Carter, trading and doing business by the said style, and firm of Tunstall, Waring, & Co., or order, the said sum of money therein specified, according to the tenor and effect thereof,

and as their act and deed, then and there delivered, the said last mentioned writing obligatory to the said James M. Tunstall, George Waring, and Robert S. Carter, partners as aforesaid, and the said James M. Tunstall, who sues in this suit by his next friend aforesaid, and George Waring, plaintiff, as aforesaid, and the said Robert S. Carter, then and there accepted and received the same of and from the said William F. Pope, Alexander V. Brookie, and Nicholas Peay, in full satisfaction and discharge of the said debt, founded upon the writing obligatory in the declaration of the said plaintiffs mentioned, and the damages and interest thereupon due, and owing, and accrued: and this the said Pope is ready to verify; whereupon he prays judgment if the said plaintiffs ought to have or maintain their aforesaid action against him, &c.," both of which pleas were on motion of the plaintiff, in the court below, stricken out upon the ground that they were insufficient and inapplicable to the cause, to which opinion of the court, so far as relates to the second plea, Pope excepted, and his bill of exceptions was signed, sealed, and made a part of the record in this cause; whereupon, the plaintiffs entered a *nolle prosequi* as to Dunahay; and Pope not saying any thing further in bar or preclusion of the plaintiff's demand, and it appearing that the action was founded on a writing obligatory, judgment was entered against him for the sum of $1,109 85 in debt, together with ten per cent. interest per annum, on said debt, from the 19th day of July, 1836, until the same should be paid as damages, with costs.

To reverse this judgment Pope sued out his writ of error.

Ashley & Watkins, for plaintiff in error:

The only point arising in this case, is whether the court below erred in striking out the second plea, being a plea of accord and satisfaction of the defendant in the Circuit Court.

The question here is not whether the plea is a good plea, that is, sufficient in law, nor whether the facts set out in it are true; but the question is whether the plea is so irregular and informal as to have authorized the Circuit Court in striking it off the files. That the plea is well pleaded, and that the facts in it are true, will rest upon the

plaintiff in error to establish, when he shall have an opportunity afforded him to do so.

The law authorizing a court to strike out papers, which have been improperly placed on the file, is wholly a rule of practice, which can better be illustrated by instances where courts have exercised that discretion, than by any general definition.

A court will strike out a paper. 1st. Where it filed in a cause by mistake. 2nd. Where a plea, or the like, is entitled of a wrong cause, and appears to have no connection with the cause in which it is filed. 3rd. Where a plea is not signed by the party or counsel. 4th. Where a party attempts to plead a plea, *prior* in the order of pleading, to one which he had before pleaded. 5th. The plea of *non est factum*, or plea in abatement not sworn to, and the like. 6th. Where the same matter is repeated in several counts in a declaration, or in several pleas, so as to become frivolous, vexatious, (or expensive, in those states where costs are taxed according to the number or length of the pleadings.)

There may be other instances where a court will strike a paper off the file, but they all tend to show that the ground of such a proceeding is that it is wanting in some formal requisite or pre-requisite, and that it does in no instance relate to that which is contained in the body or substance of the plea itself, unless it be in the case where there is a frivolous or vexatious repetition of the same matter. See 1 *Chit. Plead.* 7 *Am. Ed.* 1837, *p.* 701, and the cases there cited in notes.

The idea in striking out a plea is that it is a nullity; in a demurrer, is that admitting the facts sufficiently stated in the plea to be true, do they constitute a ground of defence or delay. If pleas are not palpably bad, and void upon the face of them, the opposite party cannot treat them as nullities, but must resort to his demurrer. *Platt vs. Robbins, Coleman* 81; 3 *Johns. Rep.* 541, *Falls vs. Stickney;* so a plea in abatement, which concludes in bar, a special plea which amounts to the general issue, a special plea in trespass which does not answer the whole declaration, or as much of it as it professes to answer, a formal plea of not guilty in an action of assumpsit, are all pleas defective in substance, but if accompanied by what may be termed the

Pope *against* Tunstall and Waring.

extraneous formal requisites of a plea, the opposite party cannot treat them as nullities, but must demur or take issue.

So in chancery the practice is similar. "An answer may be ordered to be taken off the file. 1st. If formally defective or incorrect," (as an answer not sworn to, or a joint answer sworn to by but one. 1 *Mad.* 265.) 2nd. "If the defendant has not placed himself in a situation to file it, (as being in contempt.) But an answer will not be taken off the file, because it is delusive, answering only a few facts stated in the bill. The remedy in such case being by exceptions for insufficiency." 3 *Mad.* 437; 2 *Smith's Chancery Prac. p.* 268.

Testing the second plea in this case, then, by the foregoing rules it will be found to be a plea which was entitled to the consideration of the court, and which could not be stricken out. But it was claimed by the plaintiffs, in the court below, that the plea should be stricken out; first, because it set up an accord and satisfaction by the execution of a new note with security to them, and a third person not a party to the suit; and second, that it contained matter of defence in equity, but not at law. We insist that the plea is a good one, even in view of these objections, though they could not arise on the the motion to strike out.

FOWLER, *Contra:*

That the second plea was valid in law, is utterly denied by the defendants in error, on the following grounds:

*First.* Because, in *debt* upon bond, it is *no plea* that the plaintiff accepted a new bond in satisfaction of the old; for that is *no satisfaction* actual and present, as *it ought* to be. *Vide* 4 *Bac. Abr. p.* 87, *title, Pleas and Pleading; Hobart,* 68; 1 *Esp. N. P.* 230; *Cro. Eliz.* 727; 1 *Bac. Abr.* 23.

*Second.* Because the accord, &c., does not appear to have been *executed* before the commencement of the action. *Vide* 1 *Com. Dig., title, Accord,* (B. 4.,) 9 *Co.* 79, *b.;* 4 *Bac. Abr.* 87; *Cro. Eliz.* 304; 1 *Esp. N. P.* 230; 1 *Str. Rep.* 23, 573; 3 *East,* 251.

*Third.* Because said plea alleges no legal transfer of the writing obligatory sued on, by said Tunstall and Waring, to said firm of Tunstall, Waring, & Co., or Tunstall, Waring and Carter, by *assignment,*

or otherwise, it being necessary that the legal right should be vested in them, before they can compound, or receive satisfaction thereof: and the legal rights of Tunstall and Waring, being wholly different and distinct from those of the supposed new firm of Tunstall, Waring, and Carter.

*Fourth.* Because satisfaction is alleged to have been accepted by different persons, and a different *firm* than the plaintiffs; and made by only *one* of the *debtors,* and by others than those bound in the first obligation, or sued in the court below. *Vide* 6 *Johns. Rep.* 37.

*Fifth.* Because the said plea does not allege that the security and circumstances of Tunstall and Waring were bettered by the bond pleaded in satisfaction. It is laid down in *Hobart, p.* 68, in the case of *Lovelace vs. Cocket,* that one bond cannot be pleaded in bar of another, for that is of no greater value unless the security and circumstances are bettered, as by *shortening the time of payment;* and in the case of *Norwood vs. Gripe,* in *Croke's Elizabeth, p.* 727, it was decided that the *bettering the security* alone is not sufficient; for a bond *with sureties* is better than a single bond, and yet the former cannot be pleaded in bar of the latter.

Where a plea is so irregular and defective that a material and substantial issue cannot be made thereon, it can be reached either by demurrer, or motion to set it aside, or strike it out, and the fact of said pretended plea of accord, &c., being joined with that of *nil debet,* evidently such as should be stricken out, shows that both were frivolous and properly stricken out.

Pike, in response:

The proper enquiry, in this case, ought to be whether the facts, as stated in the plea, if true, form a bar to the action. Yet we do not well see how that matter can be discussed. If the court below had sustained a demurrer to the plea, then its legal sufficiency would have been presented to the consideration of this court, but that was not done. The plea was stricken out for inapplicability; and we can imagine no other reason for this decision, than that one bond could not be extinguished by the giving of another. It must have been on that ground, we presume, that the plea was stricken out. But that is not

all that is pleaded. The plea shows the execution of a new bond, *with additional security*, postponing for four years the payment of the debt; and avers an acceptance thereof, in discharge and satisfaction of the first bond. Is this not a good plea? If it is, it must have been applicable, and if applicable, was wrongly stricken out.

To a declaration upon a bond or deed, the plea of *accord* alone, is not sufficient, and the plea of satisfaction must show the acceptance of another deed in satisfaction; for, as the duty accrues by deed, it cannot be avoided but by matter of as high a nature. But accord and satisfaction may be pleaded to all actions on specialties; though not to actions upon a record. See 1 *Saund. P. and Ev.* 23, 24; *Lowe vs. Eginton*, 7 *Price*, 604; *Kaye vs. Waghorne*, 1 *Taun.* 428; *Snow vs. Franklyn, Lutw.* 108; *Alden vs. Blague, Cro. fac.* 99; and the law is distinctly laid down in *Blake's case*, 6 *Co.* 43 *b.*, where it is said, " where a duty accrues by the deed in certainty, *tempore confectionis scripti*, as by covenant, bill, or bond, to pay a sum of money, there this certain duty takes its essence and operation originally, and solely, by the writing; and therefore it ought to be avoided by a matter of as high a nature, although the duty be merely in the personality."

It is very true that some of the older decisions are against us, and in order to ascertain what the law really is upon this point, it will be necessary to review them.

In *Manhood vs. Crick, Cro. Eliz.* 710, debt was brought on a single obligation for the payment of £8. The defendant pleaded in bar, that after the obligation made, he entered into another obligation of £14 to the plaintiff, for the payment of £7, at such a day and place as was yet to come, which the plaintiff accepted *in discharge of said bond* of £8. The plea was held ill, on demurrer, without argument. The court will here observe that the second bond was stated to have been received in discharge of the first *bond*, and not of the money due on it; and, also, it was a satisfaction of one sum by a smaller.

*Norwood vs. Grype, Cro. Eliz.* 727, is precisely the same, except that the plea stated the second bond, for a smaller sum, to have been given by the defendant and a third person. Plea held bad, without argument.

So in *Lovelace vs. Cocket, Hob.* 68 *b.*, which was debt on an obligation of £100, conditioned for the payment of £52 10*s.* Plea that at the day of payment, defendant and his son made a new bond of £100, for payment of the same £52 10*s.*, at another day then to come, in full satisfaction of said £52 10*s.*, and that plaintiff so accepted it. Plea held bad, for it was no satisfaction actual and present, as it ought to be. *S. C. Cro. Car.* 85.

So the editor of Hobart, in the note to the above case, says that " it is a general rule that the acceptance of a new security of an inferior nature, or of equal degree, is no extinguishment of the former debt; as if a bond be given in satisfaction of a judgment, or if an obligee takes a new bond for the payment of a debt secured by a former bond, in such case the judgment and original bond are not discharged." In support of this position he refers to several cases, some of which we have quoted above; and he refers also to several others, which we will now examine.

*Noyes vs. Hapgood, Cro. Jac.*, quoted to sustain the position, was debt on an obligation for £80, conditioned for the performance of divers covenants contained in articles of agreement. The plea was, that it was agreed by plaintiff and defendant, that defendant should grant an annuity of five pounds out of such land for life, in discharge of the bond; which grant he made accordingly, and plaintiff accepted it, in discharge of the bond. The plea was held bad, because it was but a concord and verbal agreement, which can never be a discharge of a speciality.

In *Balston vs. Baxter*, also quoted, the plea was of. part payment, and a promise to pay the residue at a certain time, and an acceptance of the promise in satisfaction of the money due by the obligation. The plea was held bad, because it was a concord pleaded, and executory, and so could be no bar: and the court remarked that in debt upon an obligation, it is no plea that plaintiff accepted another obligation in recompense of it.

In *Simonds vs. Mewdesworth, Cro. Car.* 193, the point decided was that agreement without satisfaction is to no purpose, and in that case part of the satisfaction had not been performed. That point is doubted no where. Thus, C. J. EYRE said, in *Lynn vs. Bruce*, 2 *H. Bla.*

Pope *against* Tunstall and Waring.

317, " accord executed is satisfaction; accord *executory* is only substituting one cause of action in the room of another, which might go on to any extent." So in *Allen vs. Harris*, 1 *Lord Raym.* 122, it was decided that an accord before execution, is no bar. It is needless to multiply cases on this point. It has been so often decided, that it was said in the last mentioned case, that a decision to the contrary would overthrow all the books.

In *Blythe vs. Hill*, 1 *Mod.* 225, NORTH, C. J., held that if a second bond is given by the obligor himself, it would not have discharged the former. But he said that " here, where it is given by the administrator, so that the plaintiff's security is bettered, &c., it may be a discharge of the first bond." *Atkyns* stated the general rule to be, that " one bond cannot be given in satisfaction of another."

In *Peck vs. Hill*, the plea was held good, because there was other security given than what the plaintiff had before; for where the condition is for payment of money to the party himself, there if he accept any collateral thing in satisfaction, 'tis good. And, that if a security be given by a stranger it may discharge a former bond. Atkyns doubted, but inclined that one bond could not be discharged by giving another.

So it is said in *Lutterford vs. Le Mayre, Cro. Jac.* 579, it is said, that to give another action upon a bond is not sufficient to avoid a bond.

In *Higgens'* case, 6 *Co.* 45, it was held that where the plaintiff was alleged in the plea to have taken a statute staple for the same debt, and in full satisfaction of the bond, though the statute was matter of record, and of a higher nature than the bond is, yet the bond remains in force, and the plaintiff may have his action either on one or the other.

In *Jackson vs. Shaffer*, 11 *J. R.* 517, a bond and warrants of attorney had been taken in satisfaction of a judgment; and the court remarked that they were not a security of a higher nature: and where a creditor takes a new security, of an equal or inferior degree, it is not an extinguishment of an original debt.

In *Jackson vs. White, J. R.* 58, it was held that sealed notes, executed by *two* persons, were not extinguished by the obligee taking the

28

bond and mortgage of *one* of them for the balance due on the notes. This decision was based on *Hardwick vs. Mynd,* 1 *Ans.* 3, where it was held that when a mortgagee took a bond from the assignee of the devisee, for the arrears of interest then due, and gave a receipt, the bond remaining unpaid; the interest was still secured by the mortgage.

In *Cumber vs. Wane, Str.* 427, it was said that "in the case of a bond, another has never been allowed to be pleaded in satisfaction, *without a bettering* of the plaintiff's case, as by shortening the time of payment. Nay, in all instances, the bettering of his case is not sufficient, for a bond with sureties is better than a single bond, and yet that will not be a satisfaction." This case was denied to be law, in *Hardcastle vs. Howard, H.* 26, *G.* 3, *B. R.* See *Heathcote vs. Crookshanks,* 2 *T. R.* 28.

These cases would seem to establish the principle that one bond could never be extinguished by the giving of another for the same debt; and furthermore that a plea that a new bond, with security, was given *and accepted in discharge of the debt accruing under the first bond,* would always be a bad plea. But there is a current of authorities, co-temporaneous with, and subsequent to, those first cited, which qualify, and very much limit the doctrine above laid down; and to these we now desire to call the attention of the court.

*Neal vs. Sheffield, Cro. Jac.* 254, was debt on an obligation conditioned for the payment of seven pounds at the birth of the plaintiff's child. The defendant pleaded, that before the birth of the child it was agreed betwixt the plaintiff and defendant, whereas the plaintiff was to have a load of lime of the defendant, for which he should be indebted to him, that the defendant should acquit him thereof, and accept of that debt in satisfaction of said obligation; and that the plaintiff, such a day, year, and place, accepted of the said load of lime in satisfaction of said bond. The second ground of demurrer to the plea, assigned by *Yelverton,* was, that the defendant pleaded that the plaintiff accepted the load of lime in satisfaction *of the bond,* which cannot be; but it ought to have been pleaded in satisfaction of *the sum* mentioned in the condition of the bond, for the bond itself cannot be discharged without specialty. And, *for this cause,* all the

Pope *against* Tunstall and Waring.

court held the plea to be ill, and therefore adjudged for the plaintiff.

In the same case, in *Yelverton*, 192, it is said that it was adjudged for the plaintiff for two reasons: the first of which was, because the defendant pleaded his bar in discharge of the bond, whereas he ought to have pleaded it in discharge of the sum contained in the condition of the bond; for it is not a debt simply by the bond, but the performance or breach of the condition makes it a debt, for the bond is guided by the condition, so that if the condition is not discharged, the bond remains in force, and the matter of the bar is not pleaded in discharge of the condition, but of the bond, and therefore it is not good.

*Preston vs. Christmas*, 2 *Wils*. 86, was debt upon bond. Defendant pleads accord and satisfaction, viz: That he released to the plaintiff all his equity of redemption of certain tenements, in satisfaction of all bonds wherein the defendant was bound to the plaintiff. The second ground of demurrer to the plea was, that the accord and satisfaction ought to be by deed; and that though where there appears to be a condition for payment of money, an accord *may be pleaded in satisfaction of the money or condition*, yet it cannot be pleaded in satisfaction of the deed or obligation; and that for any thing appearing on the record, the bond in that case was without any condition at all. *Hewett, contra*, thought it was the same thing whether it was pleaded in satisfaction of the bond, or of the money, or debt owing upon the bond; and that it would have been a good plea if it had been pleaded in satisfaction of the money seemed to be admitted by the cases cited on the other side. (*Neal vs. Sheffield*, and *Blake's case*.) The court decided that this being a debt upon an obligation without any condition, satisfaction must be pleaded to be by deed.

In *Pinnel's case*, 5 *Co*. 117, debt was brought on a bond in the penalty of £16, conditioned to pay £8 10s. on November 11, 1600. Plea, that on the 1st of October, 1600, defendant paid plaintiff £5 2s. 2d., *which* the plaintiff accepted in full satisfaction of the money mentioned in the condition. The plea was held bad, in not stating that the money *was paid* in full satisfaction. But for that defect, the demurrer would have been overruled.

So in the cases of *Manhood vs. Crick*, *Norwood vs. Grype*, and

*Noyes vs. Hapgood,* above quoted, the plea stated that the accord "was received in satisfaction *of the bond,* and not of the debt or money; and the same destruction was taken in *Alden vs. Blague, Cro. Jac.* 99.

In an anonymous case, *Cro. Eliz.* 46, the defendant, to an action of debt upon an obligation to pay £40, at *Michaelmas Eve,* (the evening before Michaelmas day,) pleaded a concord between him and the plaintiff, that if he gave him a hawk and £20 at Michaelmas day, *the obligation* should be void; and that he gave the hawk and £20 at the day, and the plaintiff accepted it. The plea was held bad, and the reason assigned is, that the bond was forfeited at *Michaelmas eve* by non-payment; and so because single; which cannot be discharged by such a naked averment *in fail,* of such an acceptance, although the agreement was before the day, *but acceptance before the day would have been a good discharge.*

In *Kaye vs. Waghorne,* 1 *Taun.* 428, the plea was that an obligation to indemnify against any claim of dower of defendant's wife, was accepted in satisfaction *of a covenant,* that defendant and wife would levy a fine. The plea was held bad, because a covenant under seal, not broken, could not be discharged by parol agreement.

In *Lynn vs. Bruce,* 2 *H. Bla.* 317, the count stated, that in consideration that the plaintiff, at defendant's request, *had consented and agreed to accept and receive* from the defendant a composition of fourteen shillings in the pound, upon a sum due from defendant to plaintiff on a bond for so much, in full satisfaction and discharge of the bond, and all money due thereon, the defendant promised to pay the composition. The court said that it was settled in *Allen vs. Harris,* quoted above, " that upon an accord, which this is, no remedy lies;" and that no remedy lies on an accord executory, because it is no bar. But it was not denied that an accord executed, would have been a good bar to an action on the bond.

As was well remarked by VAN NESS, J., in *Watkinson vs. Inglesby,* 5 *J. R.* 389, " there is more nicety than good sense in some of the cases on this subject," (accord and satisfaction.) " *Accords are favored by law,* and if so, they ought not to be too rigorously expounded."

Pope *against* Tunstall and Waring.

And the modern cases have gone far to sustain such pleas, where-ever it has appeared that additional security had been taken.

Thus in *Booth vs. Smith*, 3 *Wend.* 66, in which the first count in the declaration was on a due bill for $400, dated March 17, 1826, payable on demand; the plea to that count was, that before the commencement of the suit, on account stated, the defendant was found indebted $270 on the due bill, for which sum he then and there, to wit, on the 15th April, 1826, delivered to the plaintiff a promissory note, made by three other persons to the defendant, for $270, dated April 15, 1826, which he, the defendant, then endorsed to the plaintiff; and that the plaintiff then and there accepted and received the said last mentioned note for and on account, and in full satisfaction of the note in the first count mentioned. The court said that the plea was unquestionably good; and would have been good by way of accord and satisfaction, if no part of the original debt had been paid prior to the acceptance by the plaintiff of the last note. And they referred to *Boyd and Suydam vs. Hitchcock*, 20 *J. R.* 76, where it was held, that if a debtor gives his note endorsed by a third person, as further security for part of the debt, which is accepted by the creditor in full satisfaction, it is a valid discharge of the whole of the original debt, and may be pleaded in bar as an accord and satisfaction; and said, that the additional security required by the creditor for part of his debt is a good consideration for the relinquishment of the residue. In support of this principle, they referred to *Le Page vs. McCrea*, 1 *Wend.* 172, *Kearslake vs. Morgan*, 5 *T. R.* 513, and *Hughes vs. Wheeler*, 8 *Cowen*, 79; and decided that where the new note was given *for the whole amount due, and accepted in full satisfaction of it*, it must necessarily operate as an extinguishment of the original consideration. The reasoning of the court, in this case, is exceedingly cogent and persuasive; and no reason can be offered why it should not apply as well to bonds as to promissory notes, where the place of one instrument is supplied by another of equal dignity.

In *Russell vs. Lytle*, 6 *Wend.* 390, it was held that to an action of debt on a money bond, a plea averring an agreement by plaintiff to accept a surrender of the lands, mortgaged as collateral security, and *a tender of performance* by the defendants, was not a bar, because *it*

showed an accord not executed; but it was not denied that if the surrender had been made, the plea would have been good.

The doctrine laid down in *Boyd vs, Hitchcock*, 20 *J. R.* 76, and *Booth vs. Smith*, 3 *Wend.* 66, is relied upon and confirmed in *Kellogg vs. Richards*, 14 *Wend.* 119.

So in *Steinman vs. Magnus*, 11 *East*, 390, Lord *Ellenborough* said, " it is true that if a creditor simply agree to accept less from his debtor than his just demand, that will not bind him; but if, upon the faith of such an agreement, a third person be lured in to become surety for any part of the debt, on the ground that the party will be thereby discharged of the remainder of his debt, the agreement will be binding."

In the present case the plea shows that Pope, being jointly bound with Dunahay in the first bond, gave the second, after the first had become due, with two new sureties, to the obligees in the first bond, and a third person who had become their partner, and that the plaintiffs accepted and received it in full satisfaction and discharge of the debt, damages and interest accrued under the first bond.

We believe that upon a full and fair consideration of all the authorities, this will be found to be good matter in bar. At all events, no instance can be found in the books where the course adopted with such a plea was to strike it out. If the matter contained in the plea is not sufficient to bar or preclude the plaintiff's action, it was demurrable. It was not stricken out because it was false, but because it was inapplicable to the case; which means, if it means any thing, that it does not contain matter in bar. But the party was entitled to have his plea stand upon the record, and have the benefit of it here—and it does not follow that it should have been stricken out because it would have been bad on demurrer. That could not be done even if the court below had previously held a plea precisely like it, bad on demurrer. See *Davis vs. Adams*, 4 *Cowen* 142.

DICKINSON, *Judge*, delivered the opinion of the court:

Not deeming it necessary to discuss the principles upon which pleas are stricken out by the court, we will consider the proceeding in the same light as if the pleadings had come up on demurrer.

Pope *against* Tunstall and Waring.

The defendant in error contends that in debt upon bond, it is no plea that the plaintiffs accepted a new bond in satisfaction of the old one, for that is no satisfaction, either actual or present; and refers to various authorities in support of his position. If he has reference only to cases where there is a simple exchange of bonds, or obligations, his argument cannot, in truth, be controverted, for the satisfaction must, in legal contemplation, be advantageous to the party agreeing to accept, for it would be inoperative if it could not possibly afford him some equivalent or consideration. *Bacon Ab. accord, A.; Com. Dig. accord B. 1.* There must be some change, or rather difference, between the former and the latter contract to show that the parties intended to alter it by substituting something more advantageous to the creditor than he before possessed, as by shortening the time, giving other security, or the like. *Hobart*, 68. And it is a rule that to a bond, accord and satisfaction can be pleaded by deed only, for an obligation under seal cannot be discharged but by an instrument of at high a nature as the obligation itself. 2 *Wils.* 86. In the case of *Lynn, and another, vs. Bruce*, 2 *H. Black*, 317, where the plaintiff, at defendant's request, had consented and agreed to accept and receive from the defendant a composition of fourteen shillings in the pound and so in proportion for a lesser sum than a pound, upon a debt due from the defendant to the plaintiff on a bond for two hundred pounds in full satisfaction and discharge of the sum and all money due thereon, and the defendant promised to pay the compensation. A part thereof only was paid, and an action brought for the residue.

The consideration of the promise was on an agreement to accept a composition, and judgment was signed for the balance. Lord Chief Justice *Eyre*, in delivering the opinion of the court said, "that it was settled in the case of *Allen vs. Harris*, 1 *L. Raym.* 122, upon consideration of all the cases that upon an accord no remedy lies," and that it was said that the books are so numerous that an accord ought to be executed, that it was impossible to overturn an the authority—the expression is "overthrow all the books." This doctrine is well settled, and upon sound principles. Accord executed is satisfaction. Accord executory is only substituting one cause of action in the room of another, which might go to any extent. The cases in

which the question has been raised whether an accord executory could be enforced, and in which it has been so often determined that it could not, have been cases in which it has been pleaded in bar of the original action; but the reason given in three of the cases *Rol. Al. title, Accord, pl.* 11, 12, 13, is because the plaintiff hath not any remedy for the whole; or, where part has been performed for that which is not performed, which goes directly to the gist of the action.

An accord must be completely executed in all its parts before it can produce legal obligation or legal effect. In *Peyton's case,* 5 *Co.* 79, referred to by the defendants in error, it was held that where part of the accord had been executed, tender of the residue would not be sufficient to make it a bar to the action; but that there must be an acceptance in satisfaction. See also the two cases in *Cro. Eliz.* 304, 305, to the same effect.

A plea simply alleging acceptance of a smaller sum of money in satisfaction of a larger sum has been repeatedly decided to be bad. 5 *Coke, R.* 117, *Pinnel's case;* 9 *Coke,* 89; 5 *John. R.* 386, *Watkinson vs. Inglesby;* 5 *T. R.* 513, *Kearslake vs. Morgan;* 2 *T. R.* 28, *Heathcock vs. Crookshanks;* 1 *Str.* 425, *Cumber vs. Ware;* 17 *John.* 169, *Seymour vs. Minike;* and numerous other authorities hold to the same principle. But it has always been held that a plea alleging the payment of a less sum before the day of payment stipulated in the contract or at a different place; or the delivery of a specific article in satisfaction, and an acceptance in satisfaction by the plaintiff, was a good plea. 5 *Co.* 117. So a plea, alleging the payment of a less sum by a third person, and the acceptance of it by the plaintiff in satisfaction is a good bar, 11 *East,* 305, *Steinman vs. Magnus;* 1 *New-Hamp. R.* 279, *Coburn vs Gould;* 2 *D. and E.* 763, *Cockshot vs. Bennett.* The reason why the payment of a less sum by the debtor, in satisfaction of a larger sum, cannot be adjudged a satisfaction is, according to Lord Coke, because " it appears to the Judges that by no possibility can a lesser sum be a satisfaction to the plaintiff for a greater sum." But the gift of a chattel is good, because it may be intended to be more beneficial to the plaintiff, although of less value than money. 5 *N. H. R.* 136, *Clarke vs. Dinsmore.*

It is laid down as a general principle that accord without satisfaction

is no bar to an action of debt; that is, that accord being a promise to confer satisfaction must be fully and actually executed and accepted in order to confer satisfaction, and operate as a defence to such action. As for instance, if an agreement is made to do a thing in satisfaction at a future day, and it is done and accepted at that time, it is a legal satisfaction. The party cannot sue while it is only executory, but here is an accord with satisfaction, and the previous claim is extinguished. In support of these positions see *Bacon's Ab. Accord A.*; *Com. Dig. Accord B. 4*; *Allen vs. Harris*, 1 *L. Ray.* 122; *Watkinson vs. Inglesby*, 5 *J. R.* 386. In the case of *Blenn vs. Chester*, 5 *Day*, 359, it was said that if the agreement that satisfaction should be rendered by the defendant, or a third person, at a future day, be not founded on a new consideration, and afford a fresh right of action, it would be no bar to an action on the original demand before the time prescribed for rendering satisfaction. Many of the authorities referred to by the defendants were expressly decided upon the ground of accord without satisfaction.

In the case of *Cose vs. Barber*, *T. Raymond* 450, one ground of decision there was, that the satisfaction was to be rendered in part by a third person who was party to the accord, but the plea did not show that the promise was in writing. In *Com. Dig. Accord B. 4*, it is expressly laid down that " an accord with mutual promises to perform is good, though the thing be not performed at the time of action, for the party has a remedy at law to compel the performance, and this doctrine is sustained in the case of *Gordon vs. Cheeseman*, 1 *B. & A.* 325 and 702; also, in the observations of *Grose* in *James vs. David*, 5 *T. R.* 143.

In the case of *Boyd, and others, vs. Hitchcock*, 20 *J. R.* 76, it was declared that if a debtor give his note, endorsed by a third person, as further security for a part of the debt, which is accepted by the creditor in full satisfaction, it is a valid discharge of the whole of the original debt, and it may be pleaded in bar as an accord and satisfaction. The additional security required by the creditor for a part of the debt is a good consideration for the relinquishment of the residue. *Le Page vs. McCrea*, 1 *Wend.* 172; *Kearslake vs. Morgan*, 5 *T. R.* 513. This doctrine is confirmed in *Hughes*

29

*vs. Wheeler*, 8 *Cowen*, 79, and the distinction is there taken between the note of a third person, and that of the debtor himself for the original debt. So the acceptance in full satisfaction by a creditor of the note of a third person, endorsed by his debtor, for the whole amount of a previous note given by the debtor, may be pleaded as an accord and satisfaction to an action on the previous note.

In *Booth vs. Smith*, 3 *Wend.* 68, it is said to go upon the principle that although the defendant still remains liable, the character of the responsibility is changed, and he cannot be charged on the original consideration.

An express agreement by a creditor to take a bill or note for the full amount of his debt as an absolute payment *or extinguishment* thereof destroys the right of action for such debt, and leaves the creditor without remedy except upon the instrument. *Brown vs. Kewley*, 2 *B. & P.* 518; 10 *Vesey*, 201; *Camidge vs. Allenby*, 6 *B. C.* 381; *Sheehy vs. Mandeville* 6 *Cranch*, 253; *Burdock vs. Green*, 15 *J. R.* 247; *Hughes vs. Wheeler*, 8 *Con.* 77.

In the case of *Wilkinson vs. Inglesby and Stokes*, 5 *J. R.* 385, where A. pleaded that he, together with B., being indebted to C., and several others, agreed to assign all the stock in trade and outstanding debts to C. and the other creditors, who agreed to accept the same in full satisfaction of their respective debts, and averred that he and B. did deliver all their stock in trade, and assign all the debts due to them, for the use and benefit of C. and the other creditors, which delivery, and assignment of debts, was received in full satisfaction by C. and the other creditors, &c. There was a demurrer to the plea that it was agreed to assign without averring that the plaintiff was a creditor, or that they assigned, and that it was not set forth to whom the assignment was made. *Van Ness*, J., in delivering the opinion, said "that it was a plea of accord and satisfaction, and he thought it was a good plea," &c.; that there was more nicety than good sense in some of the cases on this subject; that accords are favored in law, and therefore ought not to be too rigorously expounded. The court decided that the agreement was sufficient, and overruled the case of *Preston vs. Christmas*, 2 *Wils.* 86, where an assignment of an equity of redemption was declared not to be pleadable as ac-

cord and satisfaction ; and said that the plaintiff in the case before them agreed to receive such assignment, and that the accord was executed. It avers delivery and assignment, and that the assignment and delivery were received by the plaintiff in satisfaction of the debt. In the case of *Cumber vs. Ware*, 1 *Str.* 426, Chief Justice *Pratt* said, "that it must appear to be a reasonable satisfaction; at least, the contrary must not appear as it did in that case."

The current of decisions is, and we believe correctly, that although accord executory is no bar, yet an accord executed is good: and all the authorities agree in this. *Rol. Al. title, Accord, pl.* 14; 2 *Lord Raym.* 122; 2 *H. Bla.* 317.

The acceptance in satisfaction is the essence and gist of the plea, and Lord Coke, in *Peyton's case*, 9 *Coke*, 86, recommends as the best way of pleading an accord to plead it by way of satisfaction only.

In the case of *Booth vs. Smith*, 3 *Wend.* 66, it was decided that acceptance in full satisfaction by one creditor of the note of a third person for the whole amount, of a previous note given by his debtor, is an extinguishment of the original consideration, and such acceptance may be pleaded in bar to a recovery on an original note. The obligation upon which this suit is brought is dated the 19th May, 1838, payable to Tunstall and Waring sixty days after date for 1,109 85, oyer of which was ordered and granted. The defendant below then sets out in his plea that after the execution of the said writing, to wit: on the 25th January, 1839, the plaintiff below took into partnership Robert S. Carter, as well in the matter of the note sued on, as in trade and merchandize, and that before the institution of the suit, he executed the subsequent writing obligatory, with A. V. Brookie and N. Peay, to said Tunstall, Waring, & Co., under the name of Tunstall, Waring, & Co., for $1,186 86, and avers that the same was accepted and received by the said Tunstall, Waring, and Carter, in full satisfaction and discharge of the said debt, founded upon the writing obligatory in the declaration mentioned, and of all damages and interest due, and owing, and accrued.

The rule by which partners become liable under the contract of partnership has given rise to a general rule in the course of legal proceedings by which the act or admission of one partner, as likewise

notice to one partner is held to be binding upon the others, and in all contracts by parol or otherwise, they only who were partners at the time can join, and therefore a person who enters the partnership after the completion of the contract cannot be made a plaintiff, unless the debtor shall admit him as creditor, and it be agreed between the partners that the contract with the old firm be extinguished, and a contract with the new firm established. *Wilford vs. Wood*, 1 *Esp.* 182. Under the latter such partners may sue. Was there such new contract made? It is not only averred that the individuals comprising the new firm were joint owners of the writing sued on, but that all of the partners accepted and received the last writing obligatory in full satisfaction and payment of the first. And can it be denied that they had the power to do so.

That the right to change the partnership, so far as related to themselves, extinguished the old debt by making a new contract in the name of the new firm cannot be controverted. If then this position be conceded as correct, and we believe it to be so, an assignment from the old to the new firm, to enable them to form a second contract upon the basis of the former one, would, so far as their interests were involved, have been a nugatory or, at least, a hopeless act.

Shortening the time of payment alone is not the only case as contended by the defendant in error in which a plea of this kind would be good. Any change or alteration which renders the creditor's situation more advantageous, or the debt more secure will suffice. Here the parties not only have the same security as regards Pope, but the additional security of Brookie and Peay, upon as high an obligation as they possessed before. The plea avers that the parties did accept, and is so pleaded, as we conceive with sufficient certainty, and shows the satisfaction to be reasonable; at any rate, nothing to the contrary appears upon the face of the pleadings.

Wherefore, we are of opinion that there was error in the proceedings of the court below in striking out the second plea. The judgment of the Circuit Court must therefore be reversed with costs, and this cause be remanded to the court from whence it came for further proceedings to be had therein according to law, and not inconsistent with this opinion.