*WILLIAM SCOTT agt. WALTER HUNT. [*58]

A promise or agreement to accept a less sum in satisfaction of a greater one, without a release, is void for the want of consideration. (*Seymour* agt. *Minturn,* 17 *John.* 169.)

*February Term,* 1846.

MOTION by defendant to vacate judgment and execution, or for an order declaring judgment satisfied.

The plaintiff recovered a judgment against the defendant, in June, 1845, for $2,324.79 damages, and $40.92 costs, by default. The recovery against the defendant was had as guarantor of a certain written agreement made between one Amos Hunt and the plaintiff, of which the defendant was the guarantor for the faithful performance on the part of Amos Hunt. Execution was issued in September last. It appeared from defendant's papers, that after the rendition of the judgment, and in September last, an interview took place between the plaintiff and defendant, and Amos Hunt, for the purpose of a compromise, and the plaintiff agreed to receive from the de-

fendant the advances he had made on the contract, costs and interest, in full satisfaction of the judgment, provided the defendant would pay the same in a specified time and manner. The affidavit of Amos Hunt stated that all the moneys advanced by the plaintiff, upon the original contract, was $1,004 ; he also stated that the defendant had paid to the plaintiff, in pursuance of and according to their agreement of compromise, payments which amounted, in the aggregate, to a sum exceeding the advances, costs and interest, to wit : $1,000 in cash, pair of horses, which were agreed upon at $200, and paid the costs of plaintiff's attorney and sheriff's fees, for all of which payments receipts were produced.  On application by defendant for a discharge of the judgment, the plaintiff claimed there was $700 still due him.

On the part of the plaintiff, it appeared from his account stated, that he had charged the defendant, cash as advanced at different times with interest, $2,006.32, and had given defendant credit for $1,200, as stated by defendant's papers, leaving a balance due plaintiff of $806.32 ; in the amount charged to defendant, was an item of $500, for the commission of plaintiff's agent, who made the agreement on the part of plaintiff, and attended to the business for the plaintiff, and $40 costs paid by plaintiff.  Plaintiff stated that the account rendered was correct, and that the amount to be paid on the compromise had not at the time of entering into it been determined ; he always insisted, when talking the matter over with the defendant and Amos Hunt, that he must be paid the advances made and to be made by him, the interest thereon, the ex-[*59] penses *he had been put to, and the expenses he would have to pay, which included the commissions of his agent.

A. L. LINN, *defendant's counsel and attorney.*

N. HILL, JR., *plaintiff's counsel.*

C. S. GRINNELL, *plaintiff's attorney.*

BRONSON, Chief Justice.  The plaintiff recovered $2,324.79, besides costs ; and it is not alleged that he recovered more than

was justly due. There would be no use, therefore, in allowing the defendant to plead and have a trial. He relies on a promise by the plaintiff, to accept less than the amount recovered in satisfaction of the debt; and, having paid $1,200 and the costs, insists that he has performed the agreement. The plaintiff is still willing to abide by the promise, but insists that, according to its terms, the sum of $700 remains due him. And so the parties are at ·issue in their papers as to how much was to be paid. If the defendant could prevail on the question of fact, he is then met by the difficulty that a promise or agreement to accept a less sum in satisfaction of a greater one, without a release, is void for the want of consideration. (*Seymour* agt. *Minturn,* 17 *John.* 169.) All we can do for the defendant is, to direct satisfaction of the judgment to be acknowledged on payment of the sum of $700, which the plaintiff still offers to accept.