ALBANY,
Oct. 1833.

Ingalls
v.
Sprague.

## İNGALLS vs. SPRAGUE.

Where one of two defendants sued in a justice's court *confesses judgment* as well for his co-defendant as for himself, and an execution issues upon such judgment, by virtue of which the property of his co-defendant is taken and sold by his direction.; in an action of *trespass* against him by his co-defendant he may justify under the judgment and execution, without proof of his authority to confess the judgment ; if there was a want of authority the judgment may be *reversed*, but it is *not void*.

Evidence of the judgment and execution were in this case held to be admissible, although only the general issue had been pleaded, the plaintiff, in his declaration, having charged the defendant with turning out his property to be sold on *execution*.

ERROR from the Jefferson common pleas. Ingalls sued Sprague before a justice, and declared against him in *trespass* " for turning out to be sold on execution the property of the plaintiff contrary to law, to wit, one seine, to his damage $50." The defendant pleaded the *general issue*, the cause was tried, and the plaintiff had a verdict. The defendant appealed to the Jefferson C. P. On the trial in that court, the plaintiff proved that the defendant directed a constable to levy upon and sell a seine belonging to the plaintiff, and that the same was accordingly levied upon and sold. The defendant offered to prove a judgment and execution thereon, by virtue of which the property in question was sold ; the plaintiff objected that the evidence was inadmissible under the pleadings, but the objection was overruled, and the defendant proved a judgment rendered by a justice of the peace in favor of one Rogers, against both the plaintiff and the defendant in this cause, and an execution issued thereon, and that by virtue of such execution, the property in question was sold to satisfy half of the judgment, he, the defendant, having paid the other half. The plaintiff then proved that the judgment in favor of Rogers was rendered *on the confession of Sprague alone*, who stated to the justice that he was authorized by *Ingalls* to confess the judgment ; the plaintiff further proved, that although he had been served with a copy of the *summons* originally issued in the cause of Rogers against himself and Sprague, he had not

been served with any other process, and had not appeared in the cause. On this state of facts, the plaintiff insisted that without proof of authority to Sprague to confess the judgment rendered in favor of Rogers, such judgment was *not conclusive* against him, and that his separate property was not liable to be taken and sold on the execution issued by virtue thereof; the court, however, ruled that the judgment was conclusive against the plaintiff, (Ingalls) without proof of authority to the defendant (Sprague) to confess the same, and that the separate property of the plaintiff was liable to be taken and sold by virtue of the execution issued thereon. The plaintiff excepted to the decision of the court and submitted to a *non-suit;* and judgment being thereupon entered, he sued out a writ of error.

*J. Steele,* for plaintiff in error.

*B. Bagley,* for defendant in error.

*By the Court,* SUTHERLAND, J. Ingalls contended in the court below that the judgment in favor of Rogers could afford no protection to Sprague, unless he showed that he had authority from Ingalls to confess it. The court, however, decided that in this action that judgment was conclusive against Ingalls, without any proof of the authority of Sprague to confess it, and was a justification to the defendant. The court decided correctly. Upon the face of the record, the judgment appeared to have been confessed by both defendants, and the record is *prima facie* evidence of that fact. It was unnecessary for the defendant to support the judgment, until it was impeached. The record contained enough to give jurisdiction to the court. *Shumway* v. *Stillman,* 4 *Cowen,* 292. *Latham* v. *Edgerton,* 9 *id.* 227. 15 *Johns. R.* 141. 19 *id.* 33, 162. But admitting that Sprague had no authority to confess the judgment, or did not prove it before the justice, it would undoubtedly be ground of error, but would not go to the question of jurisdiction, so as to render the judgment absolutely void. In *Martin & Chamberlain* v. *Moss,* 6 *Johns. R.* 126, this court re-

*versed* a justice's judgment, which had been entered by the justice on the written request of the defendant, but without any proof that the request was in the defendant's hand-writing. The court say the justice could not legally enter a judgment, unless the defendant appeared in person or *by attorney* before him in court, and confess judgment, &c. And in *Bromaghin* v. *Thorp*, 15 *Johns. R.* 476, they again reversed a judgment on the same ground; they again held that a justice could not legally enter a judgment, unless the defendant appeared *in person* or *by attorney* before him in court and confessed judgment, or had been *duly summoned.* These cases show, 1. That a judgment in a justice's court may be confessed by attorney as well as by the defendant in person, and 2. That a judgment entered upon a written request, without any appearance by the defendant before the justice either in person or by attorney is erroneous, and will be reversed, and therefore is not absolutely void. The authority of an attorney to appear may be by parol. *Cowen's Treat.* 292. It is a matter *in pais* to be proved like any other fact in the case, and an error of the justice in relation to it may render the judgment erroneous, but does not go to the question of jurisdiction. In a court of record, if an attorney appear for a defendant, whether processh as been served or not, without his authority, and confess judgment, the judgment is regular and will not be set aside, but the attorney is liable to an action. *Denton* v. *Noyes,* 6 *Johns. R.* 296. *Smith* v. *Stewart,* 6 *id.* 34.

The evidence in relation to the judgment and execution was properly admitted under the pleadings. The declaration of the plaintiff stated that the trespass of the defendant consisted in turning out the plaintiff's property *upon an execution.* It was competent, I think, for the defendant to give the judgment and execution in evidence, without any special notice, after such an admission on the face of the pleadings.

Judgment affirmed.