ALBANY,
June, 1834.

Oakley
v.
Devoe.

OAKLEY *vs.* DEVOE and others.

Special pleas, *if false*, will be stricken out on motion.

June 19.   MOTION to strike out *false* and *sham* pleas. The declaration contains the *common money counts*, with a copy of a note for the payment of money, made by the defendant, attached, according to the statute. Laws of 1832, p. 489. The defendant pleaded, 1. The general issue ; 2. That the note attached to the declaration was *delivered* to the plaintiff, and *accepted* by him on account of the moneys demanded ; 3. That the note was *accepted in satisfaction*, and before suit transferred by the plaintiff to the Bank of America ; and 4. That parcel of the moneys claimed by the plaintiff, to wit, the sum of, &c. is founded upon the same note which was obtained by the plaintiff without consideration, and is held by him without legal or sufficient consideration. The plaintiff made affidavit that the special pleas were *false*, and moved that they be stricken out.

In opposition to the motion, it was urged, that by the revised statutes, a defendant *may* plead as many several matters as he thinks necessary for his defence, subject to the power of the court to compel him to elect, by which plea he will abide where he pleads inconsistent pleas, 1 R. S. 352, § 9 ; that the law in this respect is altered from what it was heretofore, when several matters could be pleaded only *with the leave of the court.* 1 R. L. 519, § 10. An affidavit of the truth of the pleas would be a perfect answer to the motion, but a party is not bound to verify his plea, except when it is a plea in abatement or other dilatory plea. 2 R. S. 352, § 7. In *England*, it is now settled law, that a plea will not be stricken out merely on the ground of its *falsity*, the courts there holding that they cannot try the truth of pleas upon affidavit. 2 Barn. & Cres. 81. 4 Bingh. 512. 1 Chitty's R. 524, and note a. The plaintiff here cannot allege the danger of being entrapped by a course of special pleading, the pleas presenting plain and distinct defences, upon which he may

take issue or demur; nor can he complain of delay, as the note on which he relied for a recovery has not been due three months. This case is not like that of *Brewster* v. *Hall*, 6 Cowen, 34, the strongest case in our court upon this subject. There pleas of *accord and satisfaction* and *payment* were stricken out as *false*; but it was after an inquest upon the general issue had been taken at the circuit, at which no affidavit of merits was filed ; and the court, under such circumstances, to avoid an argument on demurrer to the pleas, after it was manifest that there was no defence on the merits, struck out the pleas.

*The Court*, SUTAERLAND, J., however, granted the motion, with costs to be paid by the defendant.

ALBANY,
June, 1834.

Miller
v.
Johnson.

---

## MILLER *vs.* JOHNSON.

A *notice of rent* from a *landlord* to a sheriff is good and sufficient to justify the sheriff to retain the sum claimed as rent, although *the time during which the rent accrued* is not stated in the notice.

Whether the sheriff, for such defect might not disregard the notic e, *quere*.

AN execution was issued in this cause for the sum of $246, 69. On the 28th May last, goods and chattels, the property of the defendant, were sold by the sheriff of N. York to satisfy the execution in this cause, and another previously issued in favor of other plaintiffs. The property sold for sufficient to satisfy the execution first issued, leaving a balance in the hands of the sheriff of $270. Previous to the sale of the property, a notice was served upon the sheriff, by the agent of the *landlord* of the premises occupied by the defendant, that there was due to him on the 1st day of May, 1834, for *rent*, the sum of $200, and that he would look to the sheriff for the payment of the same ; which notice was accompanied by an *affidavit* of the agent of the landlord, that the defendant was justly indebted to the landlord in the sum of $200, for balance of rent of premises situate, &c. (describing the premises) "and due 1st May, 1834." The plaintiff claimed that the sheriff should

June 19.