Crary *vs.* Ashley & Beebe.

CRARY *vs.* ASHLEY & BEEBE.

In an action of debt, by two obligees, upon a bond executed by the defendant alone to them jointly, it is not a good plea in bar, by way of accord and satisfaction, that the defendant, by an executory verbal contract, agreed to do certain work, and furnish certain materials for *one* of the obligees, which agreement that obligee accepted in full satisfaction of the bond ; and that, though the defendant was ready, and offered to perform his contract, that obligee failed to perform certain precedent conditions.

An accord must be executed in all its parts, before it can produce satisfaction. An accord executory constitutes no bar.

Unliquidated damages claimed upon mutual verbal agreements with an obligee, are no bar to an action by both obligees, upon a writing under seal.

Such pleas are dilatory and frivolous, tender no natural issue, nor are they adapted to the form of the action, and the plaintiffs might disregard them, and sign judgment.

Crary vs. Ashley & Beebe.

The rule is, that, if the pleas are informal, and go to the merits, the plaintiffs should demur, because then the defendant might obtain leave to amend ; but, if.they are without color of truth to support them, or are intended as instruments of delay, they should be stricken out.

These pleas being so palpably erroneous, the plaintiffs might have signed judgment as for want of a plea.

At common law, if the pleas were unnecessary and improper, they were stricken out on motion : the motion is addressed to the sound discretion of the Court.

DEBT, on bond executed by Crary, to Ashley & Beebe, for one thousand dollars, with interest from date at ten per cent., determined in Pulaski Circuit Court, in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. The defendant pleaded, that, in consideration of his indebtedness on the bond, and on other bonds, amounting to two thousand dollars, all executed to Ashley & Beebe, he agreed with Ashley, to furnish the materials and do the work of two brick houses, about to be put up by Ashley, and to furnish other materials, and do other brick-work, for which Ashley agreed to give the highest prices paid for similar work at the time, until the amount due by him on the bonds should be extinguished; and that Ashley agreed to give him notice when he should be ready for him to commence the work; in consideration of which undertaking, contract, and agreement of defendant, Ashley discharged, exonerated, released, and acquitted him from all obligation on the bonds, and accepted his undertaking, promise, and agreement, in full satisfaction and discharge of the bond sued on, principal and interest, averring readiness and offer to perform; and that Ashley never gave him notice to do the work, and has always prevented him from doing it. This was the tenor of three pleas filed by him, except that the second alleged Ashley & Beebe to be partners in the debt secured by the bond, and that each had authority to release and settle; and the third undertakes to *offset* the damages alleged to have accrued by Ashley's failure to perform his agreements. The Court, on motion, struck out the pleas; and the defendant making no further defence, judgment went against him. The case came up on error.

*W. & E. Cummins,* for the plaintiff.

Where the pleas go to the substance of the action, as *nil debet* in debt on bond, they cannot be treated as nullities. *Chitty Pl.* 508,

509. *Fall vs. Stickney,* 3 *J. R.* 541. There is no intermediate course. The party must either demur, or treat the plea as a nullity, and sign judgment. See *Platt vs. Robbins et al., Coleman's Rep.* 81. If pleas are not manifestly void and bad, the party must demur. *Brooks vs. Patterson,* 1 *John. Cases,* 328. *Jackson vs. Webstar,* 6 *Mun.* 462. *Anon.* 2 *Ch.* 239. *Drake vs. Mitchell, Woodf. L. & T.* 527, 528. *Anon.* 1 *Ch.* 355. *Thomas vs. Smithies,* 4 *Taunt.* 668. These rules ought more especially to prevail, under our statute, where an unlimited power of amendment is given our courts. *Rev. St. Ark., title Pr. at Law, sec.* 112, *et seq.*

Although the release and discharge are not averred to have been in writing, and under seal, still that is not absolutely necessary, especially under our statutes, whereby sealed and unsealed instruments are placed upon the some footing. 14 *J. R.* 330. The new contract stated in the pleas, was made on sufficient consideration. *Fleming vs. Gilbert,* 3 *J. R.* 528. 1 *Roll. Abr.* 453, *pl.* 5. *Year Book,* 2 *Hen. VI.* 73. 1 *Esp. Cas.* 35. A tender or offer to perform a contract, and a waiver and refusal, which must always be by parol, are equivalent to a performance. 1 *Str.* 535. *Doug.* 691. *Keating vs. Price,* 1 *John. Cas.* 22. *Coit & Woolsey vs. Houston,* 3 *J. Cas.* 243. A sealed or written contract may be waived or relinquished by parol. 1 *J. Cases,* 32 *to* 36. 7 *Cowen,* 48. 3 *J. Cases,* 60. 1 *Cowen,* 250. 13 *J. R.* 359. *Ketchum & Sweet vs. Evertson. Langton vs. Stokes,* *Cro. Car.* 383. 8 *Taunt.* 596. 2 *Mod.* 660.

Where there is a contract under seal, and, on some new consideration, the obligor promises to do the thing contracted to be done by the sealed instrument, or any thing else, the obligee has a right to accept such new contract, and to enforce the same, notwithstanding he still retains the sealed contract. Thus, where there was a new contract to pay the debt due by bond, or new consideration, assumpsit will lie. 12 *East.* 578. See also, as to same principle, 1 *Saund. Rep.* 210, *note a. and note* 1; *Hard.* 71; 1 *East.* 104; 1 *Lev.* 188; 8 *T. R.* 595; 2 *Saund. R.* 137, *h.; Sir T. Ray.* 118; 1 *Vent.* 159; *Cro. Car.* 343; *Cro. Eliz.* 68; 12 *Mod.* 511; 1 *Vin. Abr.* 272; 1 *Roll. Abr.* 8 *pl.* 6; 1 *East.* 630; 3 *T. R.* 479. But viewing the pleas as pleas of *accord and satisfaction,* they were not nullities. *Coit & Woolsey vs. Houston,*

3 *J. Cases*, 243.   The defendants prevented the performance of the new contract, and have no right to take advantage of their own wrong. 1 *Str.* 545.   *Doug.* 691.   1 *Esp. Cases*, 35.   1 *Roll. Abr.* 453, *pl.* 5.

*Watkins*, contra.

On a motion to strike out pleas, the Court will look into the body and substance of the pleas, and consider their sufficiency as an answer to the action; and, if they are not issuable, and otherwise insufficient, will strike them out, and not compel the opposite party to demur or plead.   Such was the practice of this Court, in regard to the amended pleas offered by the defendant, in the case of *The State vs. Harris*, 3 *Ark.* 570.   *Pope vs. Tunstall et al.*, 2 *Ark.* 290.

A plea that attempts to set up a parol, unexecuted release, or accord and satisfaction, without consideration, between the defendant and one of his obligees, of an instrument under seal, and before the obligation fell due, is bad.   *Pope vs. Tunstall et al.*, 2 *Ark. Rep.* 223, *et seq.*   1 *Leigh's Nisi Prius*, 132, 699.   *Daniels vs. Hollenback*, 19 *Wend.* 308.   *Bursell vs. Lytle*, 6 *Wend.* 399.   *Hawley vs. Foote*, 19 *Wend.* 516.   *Watkinson vs. Inglesley*, 5 *J. R.* 386.   *Coit vs. Houston*, 3 *John. Cases*, 243.   *Anderson vs. Highland Turnpike Co.*, 19 *J. R.* 86.   *Graham vs. Grant*, 3 *Mon.* 302.   *Payne vs. Barnett*, 3 *Marshall*, 314.   *Haggin vs. Williamson*, 5 *Monroe*, 13.   *Cave's Ex'r. vs. Calms*, 3 *Marshall*, 38.   *Davis vs. Noaks*, 3 *J. J. Marshall*, 497.

So is a plea that attempts to set up an offset of unliquidated damages, on an alleged assumpsit between one of the obligees and the defendant below, in an action of debt, on an instrument under seal.   1 *Leigh's Nisi Prius*, 154, 157.   *Fletcher vs. Dyke*, 2 *T. R.* 32.   *Butts vs. Collins*, 13 *Wend.* 583.   *Gram vs. Caldwell*, 5 *Cowen*, 589.   *Hogg's Ex'r. vs. Ashe*, 1 *Hay.* 471.   2 *Bibb*, 86.   *Hardin*, 150.   3 *Bibb*, 49.

The pleas were liable to be stricken out, because they were vague, uncertain, mixed up with extraneous matter, and not issuable; and set up the same matters, with immaterial variations as to form.

*By the Court*, DICKINSON, J.

That the pleas are wholly defective, is abundantly proven by all the authorities; and so this Court has ruled the question, in the case of

*Pope vs. Tunstall and another*, 2 *Ark. Rep.* 223. An accord must be executed in all its parts, before it can produce satisfaction. An accord executory constitutes no bar. In the present instance, these pleas can be neither termed an accord with satisfaction executed, nor accord in satisfaction executory. They certainly do not fall under the denomination of either of these classes of pleas. They endeavor to set up unliquidated damages, claimed upon mutual verbal covenants of the plaintiff in error, with one only of the obligees, in discharge of a joint contract with them both, under seal; and that, too, in a case where the plaintiff in error does not allege that he has performed any part of his agreement. He endeavors to excuse himself for his non-performance, upon the ground that the obligee, with whom he contracted, failed to execute his part of the agreement, which was a condition precedent. These facts certainly show that the pleas were dilatory and frivolous. They tender no material issue, nor are they adapted to the form of action. They stand upon no higher ground than *nil debet* or *non-assumpsit*, in debt. These latter pleas have been held, in such cases, mere nullities, and the party might sign judgment without noticing them. The rule upon the subject we take to be this, that, if the pleas are informal, but still go to the substance of the action, then the party will not be allowed to sign judgment, but must demur; and the reason given for the demurrer is, that the defendant might obtain leave to amend; but, if they are without color of truth to support them, or where they are intended as mere instruments of delay, they ought to be stricken out. 12 *Wend.* 196, 223. 10 *Wend.* 624. 10 *Wend.* 672. The pleas we are considering, certainly could not be amended, because they are wholly defective in both form and substance, there being nothing to amend by, and the pleas being so palpably and manifetsly erroneous, that the law will permit the plaintiff to sign judgment as for want of a plea. Although, in these cases, it is prudent to obtain the sanction of the Court, yet the plaintiff may, in general, sign judgment without such authority.

In *Gardiner vs. Webb*, 17 *Pick.* 411, upon a promissory note, by the the endorsee against the maker, the defendant pleaded that the note was given as an indemnity against certain endorsements, made, or to be made, by the promisee, for the accommodation of the maker. The

plaintiff objected, and the pleas were ordered to be stricken from the rolls. It was the old rule of the common law, if the pleas appeared to be unnecessary and improper, to strike them out, upon motion. The motion is addressed to the sound discretion of the Court, and the rejection is not made to depend merely because the facts which are set forth in the declaration would not constitute a sufficient defence, but because it is unnecessary to encumber the record with a long statement of facts, which, under no state of things, can be moulded or shaped into form so as to bar the action. The reason here given we deem satisfactory; and we think it shows that the Court committed no error in sustaining the motion of the plaintiff below.

Judgment affirmed.