# SUPREME COURT.

## CHARLES M. DAVIS agt. WILLIAM C. POTTER.

An answer which denies a material allegation in the complaint, cannot be stricken out as "*frivolous.*"

The first subdivision of the 149th section of the code reads as follows: "The answer of the defendant shall contain: 1. In respect to each allegation of the complaint controverted by the defendant, a general or specific denial thereof, or a denial thereof according to his information and belief, or any knowledge thereof sufficient to form a belief."

Where an answer, verified, denied a material allegation of the complaint not on "*information and belief,*" "*nor of any knowledge thereof sufficient to form a belief,*" but on *belief only.* *Held,* that the first clause of the 149th section, which permits a "*general or specific denial,*" did not in terms confine the denial to facts within the knowledge of the defendant, and the answer under that clause should be sustained and not stricken out as a "*sham,*" under the 152d section.

The general issue being abolished by the code, an answer now which denies one material allegation in the complaint can not be stricken out, on motion, as "*false.*" It forms an issue which the defendant has a right to have tried in the usual manner.

The 152d section which provides, that *sham* answers and defences may be stricken out on motion, does not necessarily include *false* answers and defences, The words "*sham*" and "*false*" are synonymous, as the word "*sham*" is used in that section. If it were so, the *truth* of every answer might be tested on special motion—which would be a dangerous practice.

An affidavit verifying a pleading is defective, (subject to amendment) in using the words "information *and* belief," instead of saying "information *or* belief," as required by § 157.

*Albany Special Term, August,* 1849.—This was a motion to set aside the defendant's answer and for judgment on the ground that the answer was "false, sham and frivolous."

The complaint was upon a judgment alleged to have been recovered on the 5th May, 1837, by one Clark Baker against the defendant; and the plaintiff alleged that after the recovery thereof, said Baker, for a valuable consideration, assigned said judgment to the plaintiff, "who is now the legal owner of the said judgment, and the moneys due thereon, and is entitled to demand and receive satisfaction of the same."

The answer and verification were as follows:

"*Supreme Court.* CHARLES M. DAVIS agt. WILLIAM C. POTTER.— And the said defendant verily believes and therefore answers the complaint in this action and says, that the plaintiff is not the owner of the claim on which this action is founded, and that the same was never assigned to the said plaintiff, and that he is not entitled to demand or receive satisfaction of the said demand.

"R. M. & M. I. TOWNSEND, *Def't's atty's.*"

"*Rensselear County, ss:*—William C. Potter, the above named defendant, being sworn says, that the foregoing answer is true of his own knowledge, except as to the matters which are there in stated to be on his information and belief, and as to those matters he believes it to be true.                                        " WM. C. POTTER.
" Sworn, Oct. 27th 1849, before me,
          " CHARLES W. ROOT, *Com. of Deeds, Troy.*"

The motion was founded upon the pleadings and the affidavits of Clark Baker and the plaintiff, showing the assignment of the judgment for a valuable consideration, and the affidavits of J. Holmes and G. R. Davis, Jr., stating that they were present at such assignment.

· J. HOLMES, *for plaintiff.*

P. CAGGER, *for defendant.*

PARKER, Justice.—The answer is not frivolous. It denies a material allegation of the complaint. If the plaintiff does not prove satisfactorily, on the trial, the assignment to him of the judgment, he must fail in his action.

The denial in the answer is made upon *belief* and not upon *information* and *belief;* and the plaintiff insisted that such an answer is not allowable. Section 149 of the code allows the defendant to make, " to each allegation of the complaint controverted by the defendant, a general or specific denial thereof, or a denial thereof according to his information and belief, or of any knowledge thereof sufficient to form a belief." It seems to me absurd to say that a defendant may deny an allegation of the complaint, when he has not knowledge thereof sufficient to form a belief, and yet shall not be permitted to deny such allegation when he believes it to be untrue. Such a construction could not have been intended and does not, in my opinion, necessarily belong to the language employed. It is certain that the intent would have been more satisfactorily expressed, if in the second clause of the section, the denial was required to be according to his information *or* belief. But I think the first clause is ample to sustain this answer. It permits a general or specific denial and does not, in terms, confine such denial to facts within the knowledge of the defendant.

This construction of the section last mentioned is sustained by the provision of the 157th section, which prescribes, as a verification of the pleading, that the affidavit of a party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information *or* belief, and, as to those matters, he believes it to be true." This clearly implies that matters may be stated in the pleading on *belief* only.

If I am right in this view, a material allegation is denied in the form and manner prescribed by statute ; and the answer cannot therefore be called a *sham* answer, within the meaning of the 152d section of the code.

The next question is, whether the answer can be struck out as *false*. It would certainly be a dangerous practice to try issues of fact on affidavits. Under the late practice of this court, the plea of the general issue was never struck out as false ; and where new matter was set up, an affidavit of the truth of the plea was a perfect answer to the motion. (*Tucker* v. *Ladd,* 4 Cowen's Rep. 634 ; *Oakley* v. *Devoe,* 12 Wend. 196.) The practice ought not to be changed in this respect, under the code. The general issue being abolished, the defendant, instead of denying all, has denied one of the material allegations of the complaint ; and

he has a right to require that the issue thus joined, shall be tried in the usual manner.

The 152d section of the code provides that *sham* answers and defences may be stricken out on motion; but the counsel for the plaintiff is wrong in supposing that *sham* is there used as synonymous with *false*. If it were so, the *truth* of every answer might be tested on a special motion. Parties would thus be enabled in making affidavits to become witnesses for themselves, and the right of trial by jury would be disregarded. It is only where the answer takes issue upon some immaterial averment of the complaint, or sets up new and irrelevant matter, that it can properly be called a "*sham*" defence. I find nothing in comparing section 152 with section 247, which denotes that the Legislature intended to say that a *sham* pleading meant anything different from a *frivolous* pleading. I think both words describe the same kind of defence, except that a *frivolous* answer may not necessarily imply that its object was evasion or delay.

The affidavit annexed to the answer appears to be defective, in using the words "information *and* belief" instead of saying "information *or* belief." But the motion is not made on that ground, nor was any such objection stated on the argument.

The motion must therefore be denied, but without costs; and the defendant is at liberty to amend the affidavit annexed to his answer.