GRIMMETT *v.* OUSLEY.

Opinion delivered April 7, 1906.

ACCORD AND SATISFACTION—EFFECT OF ACCORD UNEXECUTED.—Under the rule that an accord without satisfaction does not constitute a bar to the original cause of action, it is no defense to a suit to enforce a mortgage that the mortgagee agreed to accept land in satisfaction if the agreement was never carried into effect by execution of the deed and release of the mortgage.

Appeal from Columbia Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*J. M. Kelso, A. S. Killgore* and *Oliphint & Miles,* for appellants.

*Smead & Powell,* for appellees.

HILL, C. J. Grimmett was short in his accounts as collector of Columbia County, and, in order to secure funds, executed a note, secured by real estate mortgage, for $2,100, to Brewer and Shannon. Brewer assumed Shannon's share, and afterwards assigned the note, and this is a suit by the representative of the assignee to recover a balance on the note, and to foreclose the mortgage. Grimmett pleaded payment. Two questions are presented on appeal. The first are two items claimed as credits by Grimmett and rejected by the chancellor.

Various notes and accounts of Grimmett's were turned over to Brewer, and those which were paid were credited in the judgment, but these two were not shown to have been paid, and Grimmett insists that he should have credit because he says that they were accepted as payment *pro tanto*. But there was no definite evidence of a novation. A mere statement that he so understood it is not sufficient to overcome the finding of the chancellor treating them as collateral, which the circumstances justified the court in doing. Practically all the credits contended for, amounting to nearly $1,000, were allowed. Grimmett has no ground of complaint on this score.

The second question is as to an accord and satisfaction. Grimmett testifies, and he is corroborated by others, that he offered Brewer four lots in the town of Buckner in settlement of the balance of the mortgage debt, and that, after viewing them, Brewer agreed to accept two of them in satisfaction of the residue of the debt. There are circumstances tending to prove that this particular debt was not settled when Brewer died; but, accepting Grimmett's version of the facts, still he can not recover. There is no evidence of the execution of this agreement, no deed is shown, no release of the mortgage, no surrender of the note. Grimmett continued to pay taxes on the property. The burden was upon Grimmett to prove, not only the agreement to accept these lots in satisfaction of the mortgage debt, but an execution of the agreement. Judge Thompson in a recent article on accord and satisfaction thus states the law: "To constitute a bar to an action on the original claim or demand, the accord must be fully executed unless the agreement or promise, instead of the per-

formance thereof, is accepted in satisfaction." 1 Cyc. 313-314. This principle has had frequent application in this State. *Ballard* v. *Noaks,* 2 Ark. 45; *Pope* v. *Tunstall,* 2 Ark. 209; *Crary* v. *Ashley,* 4 Ark. 203; *Levy* v. *Very,* 12 Ark. 148.

The judgment is affirmed.