WHIPPLE *v.* BAKER.

Opinion delivered March 9, 1908.

COMPROMISE—PART PERFORMANCE—REMEDY.—Upon breach of a contract of compromise which had been partly performed by the defendants, plaintiff was not authorized to treat the agreement as null and void, and sue on the original cause of action, but his remedy was to sue on the agreement of compromise for damages for the part that remained unperformed.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

Alez M. Baker sued William G. Whipple, Mary S. Whipple and Durand Whipple, alleging that she rented a store from defendants and put in a stock of millinery, worth $2,000; that during her temporary absence Durand Whipple took possession of her store and offered her stock for sale, and permitted it to be injured, whereby it was damaged in the sum of $2,500. For a second cause of action she alleged that defendants wrongfully caused plaintiff's stock to be seized under attachment, whereby her credit was destroyed and her efforts to sell the goods frustrated. Wherefore she prayed for additional damages in the sum of $2,000.

· In defense it was proved that an agreement was entered into between the parties as follows:

· "In consideration of the dismissal of the complaint in the suit of Mary S. Whipple against Alez M. Baker, and the release of the stock held under attachment therein, and the agreement on the part of the lessor to cancel said contract of lease and to claim nothing thereunder, the allowance of a reasonable time, not exceeding five days, for the said Alez M. Baker, or her agent, to use said leased premises free of charge, and a dismissal of the suit of Esther Welch against Alez M. Baker at cost of plaintiff and the payment to the said Alez M. Baker or her attorney of the sum of $47.00 received by the said Ester Welch on account of the sale of goods from the stock of the said Alez M. Baker, I hereby waive all claims whatever against Mary S. Whipple, William G. Whipple or Durand Whipple.

"ALEZ M. BAKER,

"by W. H. PEMBERTON,

"her duly authorized attorney.

It was also proved that all the things required by the said agreement to be performed by the appellants were done promptly, towit, the dismissal of the suit of Mary S. Whipple against said Baker, the release of the attachment, the cancellation of the lease, the agreement to claim nothing thereunder, and the allowance to said Baker of the use of the said store for a reasonable time; all of which was done prior to the commencement of this suit. It was further proved that the attachment suit brought by Esther Welch was dismissed at her cost; that defendants have, before the commencement of this suit, duly tendered to the said Baker the said sum of $47, with all costs of this suit, and defendants brought into court the said sum and costs, and tendered the same.

Plaintiff recovered a verdict against the defendants in the sum of $485. Defendants have appealed.

*Whipple & Whipple,* for appellants.

The accord and satisfaction pleaded by appellants is, under the facts in evidence, a bar to this action. While it is true that as a rule accord and satisfaction may not be pleaded in bar unless fully performed, yet, where full performance is prevented

by the other party, the rule is different, and it may be pleaded. 136 N. C. 253; 5 Current Law, 20; 7 Col. 211; *Id.* 173.

*W. H. Pemberton,* for appellee.

It is elementary that there is no accord without full satisfaction; and the question as to whether appellee prevented performance as to the $47.00 was decided by the jury, under the evidence and proper instructions, adversely to appellants.

WOOD, J. All the matters in controversy between the parties to this suit were compromised and settled by the agreement entered into November 6, 1905. The appellants performed the agreement on their part except the payment of the $47. This failure to pay the $47 did not authorize the appellee to treat the agreement as null and void, and to sue appellants as joint tort feasors for damages for the wrongs and injuries of which she complains in her complaint. Upon breach of the contract for compromise that had been partly performed by appellants, the remedy for appellee was to sue on the contract for damages for the part that remained unperformed. In *Love* v. *Van Every,* 91 Mo. 575, a case very similar in principle was decided. The court said: "The matter in controversy was compromised and settled by the written contract. That contract was partially performed by the defendant in the payment of the $212.70, the amount plaintiff claimed he had paid Adams on the ties; in the recognition and acceptance of Mathney and Crabb in plaintiff's stead in the tie contract, and in advancing them two hundred of the five hundred dollars he had agreed to advance. This partial performance by the defendant and acceptance of its benefits by the plaintiff placed it out of the power of the plaintiff to abandon the contract and sue for the original consideration, as he attempted to do in this case. He must resort to his action for damages on the contract, if any he has sustained, for the part not performed."

Judgment reversed and cause dismissed without prejudice to appellee's rights under the compromise agreement.