NORTH STATE FIRE INSURANCE COMPANY *v.* DILLARD.

Opinion delivered December 21, 1908.

1.  ACCORD AND SATISFACTION—EFFECT OF ACCORD.—Accord without satisfaction is no defense, even where the performance of satisfaction is prevented by the interposition of a third party, as where the debtor is prevented from making payment as agreed by reason of being served with a writ of garnishment in a suit of a third person against the creditor.   (Page 476.)

2.  INSURANCE—LIABILITY FOR PENALTY.—Under Acts 1905, p. 308, making insurance companies liable for 12 per cent. damages and reasonable attorneys' fees where they fail to pay losses within the time specified

in the policy after demand· is made therefor, an insurance company is not liable for such penalty and attorneys' fees where it was prevented from making payment within the required time by writs of garnishment served upon it by creditors of the plaintiff. (Page 477.)

3.  APPEAL IN ERROR—PRESUMPTION WHERE EVIDENCE NOT BROUGHT UP.—Although the bill of exceptions shows that it does not contain all of the evidence, yet if it shows that the omitted evidence went to one issue only, the presumption that the omitted evidence sustains the judgment below extends only to this particular issue. (Page 477.)

4.  SAME—HOW DOCUMENTS BROUGHT UP.—Where certain documents were made exhibits to the complaint, and their execution was admitted by defendant, they need not be repeated in the bill of exceptions if they are sufficiently identified therein. (Page 477.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; reversed.

*O. H. Sumpter, S. W. Leslie* and *W. G. Bouic,* for appellant.

1. When an insurance company and a policy holder agree upon a settlement of a fire loss at a definite sum to be paid on a day named, and the company under said settlement is ready to pay the sum, but is prevented by garnishment proceedings, it is only liable for the sum agreed upon, and no more. It is the duty of the garnishee to hold the funds. 3 Ark. 509; 6 *Id.* 391; 19 *Id.* 249; 40 *Id.* 531. A garnishment is a lien from the time served (39 Ark. 97), and transfers to the garnisher all rights and remedies of the judgment defendant. 76 Ark. 344; 72 *Id.* 350.

2. No penalty nor attorney's fees should have been allowed, as the company was restrained by law from paying the loss within the time under the act of 1905, p. 308, § 1.

*C. V. Teague,* for appellee.

1. This case should be affirmed for failure to abstract the record as required by rule nine. 82 Ark. 547; 81 *Id.* 327; 83 *Id.* 133-4; 80 *Id.* 259; 78 *Id.* 379; 84 *Id.* 552, 555; 85 *Id.* 123-6; 55 *Id.* 547-9.

2. The bill of exceptions shows on its face that it does *not* contain all the evidence. 12 Pac. 454; 8 Ark. 429; 48 *Id.* 138; 29 L. R. A. 757; 46 Ark. 67; 84 *Id.* 73; 3 Cyc. 166-7, note; 66 N. W. 1020-2; 42 Ark. 29, 35; 44 *Id.* 74; 80 *Id.* 74, 79; 81 *Id.* 327; 74 *Id.* 551, and many others. The presumption is that the rulings of the court below are correct, and the judgment should be affirmed.

HILL, C. J.   Dillard sued the insurance company on two policies for loss by fire covered by said policies. The insurance company alleged two defenses: First, it denied that the plaintiff, within sixty days after the fire, furnished proof of loss as required by the policies; and, second, it alleged that there was an agreement reached between the plaintiff and defendant to settle the loss for $1,750; that by the terms of the agreement the defendant was given a reasonable time to make payment, and that within the time that payment was to be made the same was intercepted by various writs of garnishment sued out by creditors of the plaintiff; that the service of these writs prevented the defendant paying the amount, pending the litigation between plaintiff and the creditors; and that defendant had filed answer to said garnishments, and in its answer interpleaded the said creditors with the plaintiff, and asked that the litigation by them be determined, and that the court declare the rights of the parties to the funds in the hands of the defendant, and that, by the payment of said $1,750 as agreed upon to the parties rightfully entitled thereto, the defendant be discharged.

There was a trial upon these issues, and a verdict was rendered against the insurance company for $2,250; and it has appealed. The appellee contends that the judgment should be affirmed for two reasons: First, because the transcript is not abstracted as required by Rule IX, and, second, because the bill of exceptions affirmatively shows that it does not contain all of the evidence, and that therefore the presumption applies that there was evidence to sustain the judgment.

The abstract can not be commended as one which fully complies with the rule, but there are certain questions sufficiently presented in the abstract to require a determination of them.

The evidence of the agreement between Mr. Dillard and Mr. Nelson, the representative of the insurance company, is sufficiently abstracted to show that these were the facts in regard thereto: An agreement was made to settle the loss at $1,750, and Mr. Nelson was given until his return to Memphis, which he expected to be on the following day, or, at the furthest, the second day, in which to make the payment. The compromise was in consideration of this payment being made within two or three days at the outside. Mr. Nelson returned to Memphis, and had the drafts

prepared, intending to carry out the agreement in good faith, when he was informed that the company had been garnished. Before the compromise was made, there was an outstanding garnishment, but this was to be taken up with the amount paid in compromise; but these subsequent garnishments prevented the execution of the compromise.

It is contended that there was error in giving an instruction which stated: "You are instructed that if the plaintiff agreed with defendant to accept a less sum than that sued for in this case, and defendant agreed to pay him, but before it made payment it was garnished, and on that account failed to make payment, and that it has never paid anything to plaintiff, this would be no defense to this suit, and plaintiff would not be bound by such agreement;" and in refusing an instruction stating the law otherwise than as above given.

This instruction is correct. The general principle is "that accord without satisfaction is no bar to an action of debt—that is, that accord, being a promise to confer satisfaction, must be fully and actually executed and accepted in order to be a satisfaction." *Martin-Alexander Lumber Co.* v. *Johnson,* 70 Ark. 215. In *Grimmett* v. *Ousley,* 78 Ark. 304, this statement from Judge Thompson was approved: "To constitute a bar to an action on the original claim or demand, the accord must be fully executed unless the agreement or promise, instead of the performance thereof, is accepted in satisfaction."

In *Dreyfus* v. *Roberts,* 75 Ark. 354, the validity of an agreement to discharge a debt by the payment of a smaller sum, when it was fully executed, was considered, and the authorities upon that phase of the subject reviewed, and this conclusion was reached: "It is therefore held that when an agreement is fully executed to discharge a debt by the payment of a smaller sum, and such discharge is evidenced, as it usually is in practical business affairs, by a written receipt for the lesser sum in full satisfaction of the greater sum, it is 'a valid and irrevocable act.'" But where the agreement is not executed, and is not evidenced by any writing, then it is not a bar to an action on the original debt; and, not being a bar, it is immaterial why the agreement is not executed. It may be through the fault of either party, or it may be through the fault of neither, as was the case here, or through the interposi-

tion of a third party. Still, the promise is to satisfy, and until that promise is fulfilled the agreement has not become binding.

The court erred in assessing a penalty of twelve per cent. and attorney's fees. Under the act of March 29, 1905 (Acts of 1905, p. 308), an insurance company is liable for twelve per cent. damages and reasonable attorney's fees where it fails to pay a loss within the time specified in the policy after demand is made therefor. Testimony of the appellee as set forth in the abstract, which the court finds correct from an examination of the transcript, shows that the garnishments were not released up to the time of the trial. Therefore the company was not in fault in not paying the defendant within the time specified in the policy, because the processes of the law interfered and required it to pay the same to the creditors of the plaintiff; and plaintiff is not in a position to invoke this act for his own benefit. The undisputed evidence shows that the first garnishment was served within sixty days after proof of loss was furnished, and the company had, under the terms of the policy, that time within which to pay the sums due thereupon, and the second garnishment was served just after the compromise and prevented its consummation.

It is said that the judgment must be affirmed because the bill of exceptions shows affirmatively that it does not contain all of the evidence. This is true. But it also affirmatively shows that the omitted evidence consisted of an affidavit and letters in regard to the proof of loss. Upon that issue it must be held that the presumption is that there was evidence sufficient to sustain the judgment; but where it affirmatively appears that the omitted evidence only went to one issue, this presumption does not apply to the whole case. *Wadly* v. *Liggett,* 82 Ark. 262; *McKissack* v. *Witz, Biedler Co.,* 120 Ala. 412.

The only other matter which appears to be omitted was some parts of the policies which were read in evidence. But the policies were made exhibits to the complaint, and their execution admitted by the defendant in the answer; and therefore they were parts of the record, and when read in evidence they need not be repeated in the bill of exceptions when properly identified.

There are other questions discussed that are not properly presented for the consideration of the court because they are not abstracted so as to enable the court to determine them.

The judgment is in favor of Dillard against the insurance company, and no creditors of Dillard are made parties hereto, and the circuit court could not, and this court can not on appeal in this action, protect the insurance company from paying to Dillard, notwithstanding the garnishments, as it has not seen proper to interplead the garnishers in this suit. Probably its rights are preserved in another suit, as indicated in the. answer; but with that the court can have no concern on this appeal.

There was error in adding a penalty of twelve per cent. and attorney's fees under the act of 1905, and so much of the judgment is reversed. The judgment for the amount found by the jury to be due on the policies is affirmed.