THE EQUITABLE LIFE ASSURANCE SOCIETY *v.* BARTON.

4-4365

Opinion delivered July 13, 1936.

*Burch, Minor & McKay* and *Wils Davis,* for appellant.

*James G. Coston* and *J. T. Coston,* for appellee.

JOHNSON, C. J.   To compensate an alleged anticipatory breach of two life insurance contracts each of which contained total and permanent disability clauses, this suit was instituted by appellee, Price M. Barton, against appellant, Equitable Life Assurance Society, in the Mississippi County Circuit Court, the prayer of the complaint being for $23,500 as damages, reasonable attorney's fees, penalties and costs.   By general denial the allegations of the complaint were put in issue.   At the January, 1936, term of said court, a trial to a jury was had, but the trial court instructed the jury that there had been no renunciation or abandonment of the contracts by appellant, and that, therefore, appellee could not recover damages or the present value of the contracts from which direction appellee prosecutes a cross-appeal to this court; and on the issue of total and permanent disability submitted the question to the jury under instructions not here complained of.   The jury returned a verdict finding total and permanent disability upon which a judgment was duly entered for past-due installments, a review of which is sought by direct appeal.

On the cross-appeal but little need be said.   We are definitely committed to the rule that alleged errors which

do not appear on the face of the record will not be reviewed on cross-appeal unless preserved by motion for a new trial. No such motion was filed. *Ætna Life Ins. Co. v. Martin, ante* p. 860, 96 S. W. (2d) 327; *Stacy* v. *Edwards,* 178 Ark. 911, 12 S. W. (2d) 901; *St. Louis Sw. Ry. Co.* v. *Alverson,* 168 Ark. 662, 271 S. W. 27.

Moreover, the conclusion reached by the trial court in respect to the alleged renunciation or abandonment of the contract by the insurer seems to conform to our views this day expressed in *Metropolitan Life Insurance Co.* v. *McNeil, ante* p. 978, 96 S. W. (2d) 476.

The paramount contention presented on direct appeal is to the effect that the testimony adduced is insufficient to support the jury's finding of total and permanent disability, and for this reason the trial court erred in refusing to direct a verdict as appellant requested. The determination of this contention necessitates a review of the testimony adduced at some length. The contracts of indemnity which were the basis of this suit contain the following pertinent definition of total and permanent disability: "(A) Disability is total when it prevents the insured from engaging in any occupation or performing any work for compensation of financial value."

The testimony adduced by appellee when viewed in the light most favorable to him, as we are required to do under repeated opinions of this court, was to the effect that in May, 1932, he received several gunshot wounds; two in the chest and two in the hip, one of which passed through the bowels. As a consequence of said wounds, appellee remained in a hospital four months; he was removed from the hospital at that time in an ambulance; he has been forced to remain under the care of physicians up to the time of the trial; he is an uneducated man, and prior to his injuries made his living expenses by farming, the only business he knew; he could, prior to his injuries, oversee the cultivation on shares of thousands of acres; this necessitated horseback riding for from ten to fifteen hours daily. Subsequent to appellee's injuries, he has been forced to desist share cropping, because he cannot oversee it; he cannot, because of his injuries, ride horseback, and cannot walk more

than 150 yards at a time; he cannot drive a car as he did prior to his injuries because his leg becomes "numb" and "I just haven't got the use of it," in shifting gears; in such circumstances he is required "to hoist his leg with his hand"; appellee cannot now carry a scuttle of coal or a bucket of water, and is unable to load purchases of merchandise into his car; his body is now unbalanced, due to said injuries, one leg being one and three-fourths inches shorter than the other. Appellee now spends much of his time in bed; he cannot perform any kind of manual labor. In 1936, appellee was in the field not more than a time or two, and his farming operations are now carried on by tenants, who own their own farming equipment.

Surgeons of wide and favorable reputation testified that appellee is now suffering from a "bullet in the marrow of the bone in his left leg," and it is inadvisable to remove it; that X-ray pictures reflect that there is "a gradual giving way or absorption of the head or shaft of bone and 'heel' of pelvis bone is eroded"; that the bone is practically destroyed and will gradually grow worse; that the joint where.the spine joins the pelvis will in the future get stiff. The surgeons further testified that the last X-ray pictures made in January, 1936, reflect practically the complete destruction of the neck of the bone. They further testified that appellee cannot ride horseback; that he cannot spread his legs; that due to the conditions described, appellee cannot do farm work, and will never be any better. A great mass of testimony was adduced by appellant tending to contradict the above, but since the jury has disregarded it, we shall not enlarge this opinion with a synopsis thereof. Under the facts recited above, was the jury warranted in finding appellee totally and permanently disabled?

Under a contract of indemnity not materially different from the one under consideration here, we stated the applicable rule for ascertaining total and permanent disability as follows: "Our decisions support the view that provisions in accident policies for indemnity, in the event the insured is totally or wholly disabled, do not require that the accident shall render the insured absolutely helpless, but such provisions are construed as

meaning such a disability as renders him unable to perform the substantial and material acts of his business or occupation in the usual and customary way." *Travelers Protective Ass'n of America* v. *Stephens,* 185 Ark. 660, 49 S. W. (2d) 364. The rule as thus stated has been approved and consistently followed in all subsequent cases. *Ætna Life Ins. Co.* v. *Davis,* 187 Ark. 398, 60 S. W. (2d) 912; *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 61, 56 S. W. (2d) 433; *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. (2d) 520; see, also, *Ætna Life Ins. Co.* v. *Martin, ante* p. 860, 96 S. W. (2d) 327; *Ætna Life Ins. Co.* v. *Person,* 188 Ark. 864, 67 S. W. (2d) 1007. Compare *Missouri State Life Ins. Co.* v. *Snow,* 185 Ark. 335, 47 S. W. (2d) 600.

The rule of law for ascertaining total and permanent disability is concise and without complications, but the difficulties arise out of the facts in respect to its application. The Snow and Person cases cited, *supra,* relied upon by appellant are fair examples of these difficulties. It is self-evident that each case must of necessity rest upon its peculiar facts and circumstances, and no decided case, when tested by its peculiar facts and circumstances, can be logically said to control another case. Even so in the instant case, we are unwilling to substitute our judgment for that of the jury under the peculiar circumstances of this case. That appellee is seriously and permanently disabled is established by the undisputed facts; and that he will never recover is a reasonable conclusion to be drawn from the facts adduced; that he is not now and will never be able to perform the substantial and material acts in respect to his farming operations, his only familiar vocation, in the usual and customary way is a fair and reasonable conclusion deducible from the testimony, and is well grounded therein. The facts of this case come more nearly within those stated in *Mutual Life Ins. Co.* v. *Dowdle,* 189 Ark. 296, 71 S. W. (2d) 691.

It follows from what we have said that the trial court was correct in submitting this question of fact to the jury for their consideration and judgment, and its findings cannot be said to be without substantial support in the testimony.

The conclusion stated renders it unnecessary to discuss the contentions in respect to partial disability and kindred subjects.

The only remaining contention on direct appeal relates to the admissibility of farmers testifying as experts in respect to the duties incumbent upon them as such, and the necessary physical abilities of one to accomplish such results. In the early case of *Arkansas Midland Railway Co.* v. *Griffith,* 63 Ark. 491, 39 S. W. 550, we recognized the capacity of a farmer to testify as an expert in respect to matters wherein he excelled, and no different status is presented here. This contention therefore is without substantial merit.

No error appearing, the judgment is affirmed.