GENERAL AIR CONDITIONING CORPORATION *v.* FULLERTON.

5-1050                                    298 S. W. 2d 61

Opinion delivered February 4, 1957.

*DuVal Purkins* and *House, Moses & Holmes*, for appellant.

*C. C. Hollensworth* and *Martin & Haley*, for appellee.

J. SEABORN HOLT, Associate Justice.    In the Spring or Summer of 1953, appellee Fullerton of Warren, Arkansas, bought on open account an air conditioner from appellant, General Air Conditioning Corporation located in Little Rock, Arkansas.   The purchase price

was $3,574.43. Appellant had Dick Hedrick, who appellee testified was appellant's agent and representative, install the equipment. In November 1953 Fullerton had paid $1,000 on the account, leaving a balance due of $2,574.43 and on December 1, 1953, Fullerton executed his promissory note to appellant for this balance, which bore interest at 5% and to mature on February 14, 1954. Appellee made no payments on this note before or after its due date, and appellant filed the present suit to collect the balance due. A jury trial resulted in a verdict in favor of appellee, Fullerton. From the judgment comes this appeal.

For reversal appellant relies on these points: "1. The court erred in refusing to direct a verdict in favor of appellant. (a) There was no effective accord. (b) There was no performance (fulfillment, execution) of even a supposed accord. 2. The trial court's amendment to appellant's Instruction No. 2 was error. 3. The court erred in giving to the jury appellee's Instruction No. 2." Appellee, as a complete defense to the note, "specifically pleads accord and satisfaction by which the defendant paid interest on the indebtedness and plaintiff agreed to receive back the equipment in question, which was delivered by defendant in the manner suggested by plaintiff and later ratified by plaintiff." In effect, Fullerton testified that when he determined that he was unable to pay the balance due on the note he went to Little Rock in March or April 1954, and entered into an agreement with appellant whereby appellant agreed that it would accept and retain the original $1,000 payment made by appellee, together with the interest due on the note up to that time; that Fullerton was to hold the equipment, in effect, subject to appellant's orders, until appellant sent its truck to pick it up, and that this agreement, in full settlement of the note, was carried out. He further testified that appellant was to send his truck from Little Rock for the equipment. Appellee also testified that appellant's representative, Hedrick, in Warren sent one of his employees to appellee with instructions to take a sump pump, which was a

part of the stored air conditioner, and appellee, after calling Hedrick, who informed him that he was acting, in effect, on appellant's orders, turned the pump over to appellant's agent, who sold it for $98, which appellant later on, without appellee's consent, placed as a credit to appellee's note. Appellee also testified that after his agreement with appellant to settle the note he had never had any agreement or understanding with appellant as to the value of the sump pump.

Appellant's president, Mr. Wellons, testified in regard to the settlement: "Q. What I am asking you about now is any discussion you had on payment of the note after it became due. A. . . . As a result of the conversation that he (appellee) and I had I told him that if he would return the goods to me promptly, we had been trying for a year to get some sort of a settlement. We had had promises and promises and promises, with no action, and that if in any of his regular trips to Lonoke he would return the goods to our place of business with immediacy being a prime consideration of it, . . . Q. You (Wellons) did have an understanding with Mr. Fullerton in Little Rock concerning the return of the equipment? A. As I have stated. Q. That's right. It was your understanding he was going to return the equipment to you? A. That's right. Q. And when he did the note would be cancelled? A. We would settle the note. Q. You were willing to accept the return of the equipment and cancel the note? A. When he paid the interest up to date, that is correct." Appellant further testified, that he made an agreement with Fullerton to settle the note but in this agreement Fullerton was to deliver the equipment to appellant in Little Rock. Appellee stoutly denies this and testified that appellant agreed to send its truck to bring the equipment to Little Rock and that appellee told appellant, as an accommodation to appellant, that he, appellee, in the event one of his own trucks might be coming to Little Rock, would bring the air conditioner to appellant. Thus, we think that a question of fact was presented as to what the agreement was and whether

it was carried out. Boiled down, the decisive issue in this case was the place of delivery of the property under the terms of the agreement. The jury found that the agreement to settle the note had been made and had been carried out, and we think there was substantial evidence to support the jury's action.

We do not agree that the court erred in amending its Instruction No. 2 and in giving appellee's Instruction No. 2, as appellant argues. Appellant's Instruction No. 2 as modified and given by the court was as follows: "You are instructed that an accord and satisfaction is a new contract between two parties that constitutes a bar to an action on the original debt; that to constitute accord and satisfaction as a bar to this action you must find that the agreement was fully executed, unless you find that the mere promise was accepted in satisfaction. If you find then by a preponderance of the evidence that the mere promise to return the goods to General Air Conditioning Corporation was not accepted as full performance and the equipment was not *returned or accepted at Warren, Arkansas,* then you find for the plaintiff." The appellant asked the court to give the instruction, leaving out the italicized words, "returned or accepted at Warren, Arkansas," and substitute the following words "completely returned or taken back." Appellant argues that the court, in refusing its request, erred. We do not agree, for according to appellee's version of the agreement the equipment was to be, and was, returned to appellant at Warren, Arkansas, and accepted there, which completed the agreement.

Appellant next argues that the court erred in giving appellee's Instruction No. 2 as follows: "You are instructed that, should you find from a preponderance of the evidence that plaintiff and defendant entered into an agreement by which the defendant agreed to pay the interest on the indebtedness and did pay such interest and plaintiff agreed to take back the equipment in question at Fullerton's place of business in Warren, Arkansas and in fact did take back a part of the equipment, then

you will find for the defendant.'' When this instruction is read in connection with No. 2 above and considered with all the instructions as a whole, we do not think it was erroneous. As indicated, it was for the jury here to determine, on the evidence presented, whether an accord and satisfaction, or an agreed settlement, had been reached by the parties. ''It is well settled that the parties to a contract may at any time rescind it in whole or in part by mutual consent, and the surrender of their mutual rights and the substitution of new obligations is a sufficient consideration,'' *Elkins* v. *Aliceville,* 170 Ark. 195, 279 S. W. 379. The evidence tended to show that an agreement had been reached by appellant and appellee to satisfy the note by delivering the property back to appellant at Warren, Arkansas, paying the interest due on the note up to the date of settlement, and as further consideration appellant accepted and retained the $1,000 already paid by appellee on the purchase price of the air conditioner. The agreement constituted the accord, and satisfaction was the doing of what the agreement called for.

We agree with appellant that the rule is that: ''Nothing short of actual performance, meaning thereby, performance accepted, will suffice . . . Accord and part performance do not constitute satisfaction. It is merely executory so long as to its terms something remains, and the party to be charged is allowed what he has paid in diminution of the amount claimed,'' *Lyle* v. *Federal Union Ins. Co.,* 206 Ark. 1123, 178 S. W. 2d 651, but here, according to the testimony, there was a *full* performance accepted by appellant under its agreement with appellee. We think the admitted action of appellant, in sending its agent to the building in which the property was stored and taking a part of the equipment and selling it for $98, without previously having had an understanding with appellee as to the price to be paid for the sump pump, was strong evidence in justifying the jury in finding that appellant considered all the property as its own, and exercised its prerogative to take and sell all or any part of it. The above Instruction, No. 2,

instructed the jury, in effect, that in the event it should find from the preponderance of the evidence that appellant had agreed to take back the equipment in question (of course, meaning all of it) at Fullerton's place of business in Warren, Arkansas, *and* in fact did take back a part of the equipment, that they should then find for appellee. As indicated, the facts warranted the jury in finding that appellant had taken back all of the equipment at Fullerton's place of business in Warren, and thereafter, it appears undisputed, took and sold the sump pump, a part of its property. Had the instruction read "or in fact did take back a part of the equipment"—instead of—"and . . .", then appellant's objection might have merit. As pointed out, appellee's whole case was based on full performance by appellee of the agreement, not on part performance—and we think the court, in effect, so instructed the jury.

Affirmed.

Justice GEORGE ROSE SMITH dissents.

GEORGE ROSE SMITH, J., dissenting. This case does not involve a disputed or unliquidated claim that was settled by a compromise agreement. Fullerton did not question the amount of his original indebtedness, which was evidenced by a promissory note; he merely asked the creditor to accept in satisfaction of the debt something less than payment in full. Such an agreement by the creditor is initially without consideration, but if the agreement is fully performed by both parties it discharges the original obligation under the doctrine of accord and satisfaction. As I read the record, the agreement in this case was not fully performed by the creditor, and therefore the accord was not followed by a satisfaction.

Wellons testified that Fullerton was to deliver the equipment to the appellant, but of course we must assume that the jury accepted Fullerton's version of the transaction. In the course of his testimony Fullerton stated *seven* different times that by the agreement the appel-

lant was to pick up the equipment at Warren. He also testified that he understood that the note would not be returned to him until the equipment had either been delivered by him or picked up by the appellant. Fullerton explained that after the agreement was reached the equipment was *in fact* placed in a safe place in his building at Warren, but he did not even intimate that the parties ever agreed upon the storage of the property as constituting full performance of the accord. To the contrary, he said again and again that the agreement required the appellant to come and get the property. His sole defense in the trial court was that the appellant failed to carry out its part of the contract.

It is plain enough that this defense must fail. Williston puts the exact case: ''Suppose the debtor within the time agreed or, if no time was specified, within a reasonable time tenders performance of his promise, but the creditor in violation of his agreement refuses to accept the performance in satisfaction of his claim and brings suit on the original cause of action. Even here, the unexecuted accord is no defense. The creditor's claim is not satisfied. Tender is not the same as performance. To assert the contrary is to say that the debtor after making his tender has satisfied the debt, though he is still the owner of the thing which was agreed upon as the satisfaction.'' Williston on Contracts (Rev. Ed.), § 1843. To the same effect is the Restatement of Contracts, § 417 (d) :· ''If the creditor breaks such a contract, the debtor's original duty is not discharged.''

Our own decisions support the rule that the defense of accord and satisfaction depends upon a full performance of the agreement by both parties. As we said in *North State Fire Ins. Co.* v. *Dillard,* 88 Ark. 473, 115 S. W. 154: ''But where the agreement is not executed, and is not evidenced by any writing, then it is not a bar to an action on the original debt; and, not being a bar, it is immaterial why the agreement is not executed. *It may be through the fault of either party,* or it may be through the fault of neither, as was the case here, or through the

interposition of a third party. Still, the promise is to satisfy, and until that promise is fulfilled the agreement has not become binding." (My italics). In *Grimmett* v. *Ousley*, 78 Ark. 304, 94 S. W. 694, we likewise held that "the accord must be fully executed." Additional cases need not be cited.

It is evident from the above that the case should be reversed for the trial court's error in giving this instruction: "You are instructed that, should you find from a preponderance of the evidence that plaintiff and defendant entered into an agreement by which the defendant agreed to pay the interest on the indebtedness and did pay such interest and plaintiff agreed to take back the equipment in question at Fullerton's place of business in Warren, Arkansas, and in fact did take back a part of the equipment, then you will find for the defendant." This is a binding instruction, not susceptible of being cured by other instructions, and is patently erroneous in telling the jury that if the agreement was only partly performed "then you will find for the defendant."

The judgment should be reversed, but I do not agree with the appellant's earnest contention that it is entitled to have judgment entered here in its favor. It is true that when the creditor breaches the contract of accord the debtor's original duty is not discharged, but it is also true that the debtor may be entitled to damages for the creditor's breach of his agreement. Rest., Contracts, § 417 (d); Williston, § 1844. For this reason the case should be remanded for a new trial.