Mack FAZELI *v.* Donnie BARNES

CA 93-1017                                    885 S.W.2d 908

Court of Appeals of Arkansas
Division II
Opinion delivered October 26, 1994
[Rehearing denied December 21, 1994.]

*John I. Purtle, P.A.*, for appellant.

*Thomas J. Pendowski*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order deny-

ing appellant's motion to set aside a judgment pursuant to Ark. R. Civ. P. 60(b). On appeal, appellant contends that the trial court erred in refusing to set aside the judgment and that the trial court erred in granting judgment for appellee in the amount of $2,290.91. We affirm.

The record reveals that this action originated in municipal court after appellee filed a complaint alleging that appellant had sold faulty stereo equipment and that appellant would not honor his warranties. Appellant answered, denying the claim, and also filed a counterclaim. After a trial on the merits, appellee was awarded $559.90, plus costs of $91.00.

Appellant appealed that decision to the circuit court. The case was set for trial on March 8, 1993. Appellee appeared *pro se*, but appellant made no appearance. The trial court proceeded to take the testimony of appellee and, at the conclusion of his testimony, awarded him $2,290.91 in damages.

On April 22, 1993, appellant filed a motion to set aside the March 8th judgment pursuant to Ark. R. Civ. P. 60(b). A hearing was set on appellant's motion for May 10, 1994. At the hearing, appellant appeared *pro se* and testified that he was unaware of the March 8th hearing and that, when he received a copy of the judgment several days later, he immediately called the court's case coordinator, Debbie Hall. After the hearing, the trial court denied appellant's motion.

As his first issue, appellant argues that the trial court erred in refusing to set aside the "default judgment" pursuant to Ark. R. Civ. P. 60(b) and 55(b).

■ Rule 60(b) provides that "[t]o correct any error or mistake or prevent the miscarriage of justice, a decree or order of the circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk."

Appellant argues that he proved his failure to appear was caused by an unavoidable casualty and that he offered evidence of a meritorious defense. Appellant contends that, because the evidence was uncontroverted that he did not receive notice of the

trial date, the court erred in not finding an unavoidable casualty and not setting the judgment aside. We disagree.

The record reveals that Ms. Hall was called as a witness and testified that her records showed that she had mailed notice of the trial date to appellant on September 11, 1993, and that the notice was not returned to her by the post office. Furthermore, it was established that the judgment, which appellant did receive, was mailed to the same address that the notice of trial had been sent. It is apparent from a review of the record that the trial court believed Ms. Hall's testimony when she testified that she mailed appellant notice of the hearing on March 8, 1993. The court stated that "a very efficient Case Coordinator says she mailed it and we didn't get it back, so there's sufficient evidence that it was mailed and that somebody at that address got it."

The only limitation on the exercise of the power to set aside the judgment pursuant to Rule 60 is addressed to the sound discretion of the court. *RLI Ins. Co.* v. *Coe*, 306 Ark. 337, 813 S.W.2d 783 (1991). It is the province of the trier of fact to determine the credibility of the witnesses and resolve any conflicting testimony. *Harper* v. *Shackleford*, 41 Ark. App. 116, 850 S.W.2d 15 (1993). After reviewing the record, we cannot say that the trial court abused its discretion in denying appellant's motion.

Appellant also argues that the trial court erred in not setting aside the judgment because he was not given the three days notice as required by Rule 55(b). Rule 55, however, is not applicable to the case at bar because the judgment entered was not a default judgment, but was one which was decided on the merits. *See Mikkelson* v. *Willis*, 38 Ark. App. 33, 826 S.W.2d 830 (1992).

For his second point on appeal, appellant contends that the trial court erred in awarding appellee damages in the amount of $2,290.91. He failed, however, to file a proper notice of appeal from the judgment. Therefore, we cannot address this argument. *See Griggs* v. *Cook*, 315 Ark. 74, 864 S.W.2d 832 (1993).

Affirmed.

COOPER and ROBBINS, JJ., agree.