JOCON, INC. *v.* Paul HOOVER, Jr., and Dan Robinson, Jr.

CA 97-732                                        964 S.W.2d 213

Court of Appeals of Arkansas
Division III
Opinion delivered February 25, 1998

*Floyd A. Healy,* for appellant.

*Cearley Law Firm, P.A.,* by: *Robert M. Cearley, Jr.,* for appellees.

JOHN B. ROBBINS, Chief Judge. This case involves an initial construction contract, a breach of that contract, a second contract concerning the repair of a parking lot that was built pursuant to the initial contract, the breach of the second contract, and the amount of money that the nonbreaching party is entitled to recover as damages. Appellant Jocon, Inc., a corporation engaged in the construction business as a contractor, appeals the Pulaski County Circuit Court's judgment in which the court awarded appellees, Paul Hoover, Jr., and Dan Robinson, Jr., damages of $7,611.71 and attorney's fees for the breach of a construction contract and as a consequence of appellant's breach of a subsequent contract to repair the damaged and deteriorated portions of a parking lot that appellant had previously constructed on commercial property owned by appellees. We affirm the circuit court's judgment as modified.

In February 1995, appellant and appellees entered into a contract whereby appellant agreed to construct a warehouse and parking lot on property owned by appellees in return for a payment of $108,491. After appellant completed construction of the warehouse and the parking lot, problems developed with the part of

the parking lot where a dumpster was situated. In this area, the asphalt used to construct the parking lot began to deteriorate, and this area was damaged by heavy trucks driving to and from the dumpster.

Because of these problems with the parking lot, appellees retained $2,519.10 of the $108,491 that was due to appellant under the original contract. On May 13, 1996, the parties entered into a second contract. This second contract had to do with repair of the deterioration and damage to the parking lot. Pursuant to the provisions of this agreement, appellant agreed to provide the equipment and labor necessary to repair the parking lot and appellees agreed to pay for all the materials necessary to complete the repairs. Appellant began repair of the parking lot by subcontracting with an excavation contractor, who used a bulldozer and backhoe to excavate to a depth of approximately two feet in the damaged areas of the parking lot. At this point, appellant was to fill in the excavated area with gravel and then pave over the gravel with asphalt. However, appellant did not do any further repair work on the damaged areas of the parking lot. Appellees completed the repair work and incurred $10,130.81 in expenses.

In January 1996, appellant filed suit against appellees in order to recover the payment that appellees owed on the initial construction contract, which appellant alleged was $5,000. Appellees filed an answer in which they denied that they owed appellant any money in connection with the initial contract. Appellees also filed a counterclaim in which they alleged that appellant had breached the February 1995 contract and that they were entitled to damages in an amount to be proven at trial. However, during pretrial discovery, appellees admitted, in response to appellant's request for admissions, that they had retained $5,000 of the payment they owed appellant on the initial construction contract.

Appellant brings four allegations of error. According to appellant, the circuit court erred in finding that appellees had retained $2,519.10 of the amount that they owed appellant pursuant to the initial contract and erred further in determining appellees' damages by subtracting this figure from appellees' total cost to repair the parking lot. Appellant also asserts that the circuit

court erred in finding that it breached the May 13, 1996, contract whereby it agreed to provide the equipment and labor to repair the deteriorated and damaged areas of the parking lot. Appellant also maintains that the circuit court erred in determining that the damages appellees were entitled to after they completed the repair of the parking lot included the cost of the materials used to make the repairs. Finally, appellant asserts that the circuit court erred in awarding appellees attorney's fees of $3,500.

For its first allegation of error, appellant asserts that the circuit court erred in determining the amount of damages to which appellees were entitled. The circuit court found that appellees were entitled to damages of $7,611.71. The court arrived at this figure by deducting from appellees' total expenditure to complete the repair of the damaged and deteriorated portions of the parking lot, which was $10,130.81, the amount of money that appellees retained from the payment they owed appellant on the initial construction contract, which the parties had entered into in February 1995. The circuit court found that the appellees had retained $2,519.10 of the amount that they owed appellant pursuant to the initial construction contract. The circuit court found that the appellee were entitled to damages of $7,611.71, which is the remainder of $10,130.81 minus $2,519.10.

Appellant asserts that the trial court's calculation of appellees' damages is in error in that the circuit court should have subtracted from $10,130.81, the appellees' total cost to repair the parking lot, $5,000, rather than $2,519.10. Appellant maintains that the circuit court should have determined appellees' damages by subtracting $5,000 because this was the amount that the appellees retained from the payment they owed appellant on the initial contract. Appellant asserts that the appellees retained $5,000, not $2,519.10, because appellees admitted, in their response to appellant's request for admissions made pursuant to Arkansas Rule of Civil Procedure 36(a), that they had withheld $5,000 of the amount they owed appellant on the initial construction contract. The request for admission and response that appellant relies on are as follows:

> Please admit that the [appellees] withheld the sum of $5,000.00 on the contract.

Admitted, due to the fact that it appeared that parking areas were failing and that defective work and defective materials were causing the failure.

At trial, appellee Hoover testified that although appellees had admitted in pretrial discovery that they had retained $5,000 from the payment they owed appellant on the initial contract, this admission was a mistake and that they had retained only $2,519.10. However, Hoover acknowledged that he was "standing by that mistake."

Furthermore, during the trial appellees' counsel objected to a characterization by appellant's counsel that the parties had stipulated that the balance owed appellant by appellees on the original contract was $5,000. But after appellant's counsel read appellees' response to appellant's request for admission that $5,000 was withheld from the contract, appellees' counsel, Mr. Cearley, stated: "I withdraw my objection, I don't know how I can get around that. Our testimony, your Honor, will be that that was in error, and I wasn't aware there had been an admission, but we're bound by that." Appellant's position at trial, and on appeal, is that appellees were bound by their response to appellant's request for admissions that they had withheld $5,000 of the payment they owed appellant on the initial construction contract. Appellant bases this argument on the following provision of Arkansas Rule of Civil Procedure 36(b): "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

■ Appellant is correct in maintaining that this admission was conclusive because there was no motion seeking, or order granting, a withdrawal or amendment of the admission. Consequently, we conclude that the circuit court erred in crediting only $2,519.10 against appellees' damages, rather than $5,000. The judgment of the trial court should be modified accordingly.

■ Appellant also asserts that the circuit court erred in determining that it had breached the parties' May 13, 1996, contract to repair the deteriorated and damaged portions of the parking lot. Pursuant to this agreement, appellant was to provide the equipment and labor necessary to repair the parking lot, and

appellees were to pay for all materials that were used to complete the repairs. In essence, appellant maintains that the appellees breached the "repair" contract because they failed to have gravel delivered to the job site. Appellees, on the other hand, maintain that appellant breached the "repair" contract in that it failed to complete repairing the parking lot by having the excavated area filled in with gravel and by then paving over the gravel with asphalt. At trial, each party presented testimony that explained why appellant did not finish repairing the parking lot. This testimony was in conflict. Appellant's owner, Robert Jones, testified that appellee Hoover told him to contact a man named Manny Lassiter to make arrangements to have gravel delivered to the job site. Mr. Jones testified further:

> I got ahold of Manny Lassiter, and he told me that he would have to get back in touch with [Mr. Hoover] to verify it and he'd get back in touch with me, so he never got back in touch with me on that. I think I called Mr. Hoover a second couple of times [to] see if they could get the [gravel] out there and no one ever showed up with the [gravel] then and the next day, I called the man that was the manager out there [at the job site] and I asked him was the [gravel] out there and he said no, it was not there yet, so I continued to call and ask if the [gravel] was out there. After about two weeks . . . I finally decided they weren't going to be interested in putting [gravel] in there.

Appellees contradicted Jones's testimony with their own testimony and that of other witnesses, including Manny Lassiter, to the effect that they had tried to make contact with Jones concerning the delivery of gravel to the job site but were unable to do so. When asked on re-direct examination for how long had he tried to get in contact with Mr. Jones concerning delivery of gravel to the job site, Manny Lassiter replied, "I'd guess that I tried for a couple of weeks, three weeks or so, we tried to call and it got to the point where the tenant was about ready to leave . . . so we had to move in ourselves [to finish the repairs]." Given this conflicting testimony, whether appellant breached the "repair" contract was a matter of fact for the circuit court to determine. It is for the trial court, sitting as the trier-of-fact, not this court, to determine the credibility of witnesses and to resolve any conflicts in their testimony. *See Firstbank of Arkansas v. Keeling*, 312 Ark. 441, 445-46,

850 S.W.2d 310 (1993); *Fazeli v. Barnes,* 47 Ark. App. 99, 101, 885 S.W.2d 908 (1994). The trial court's finding on this issue was not clearly erroneous.

Appellant's third allegation of error also has to do with the circuit court's finding that it breached the May 13, 1996, contract between the parties pursuant to which it would provide the equipment and labor necessary to repair the damaged and deteriorated areas of the parking lot. According to appellant, the circuit court erred in determining the damages that appellees were entitled to recover as a consequence of its breach of the May 13, 1996, contract. According to appellant, even though it breached this contract, the appellees were bound by its provision requiring them to pay for the gravel, asphalt, and other material necessary to repair the parking lot. Appellant maintains that the circuit court erred in determining the damages appellees should recover by including appellees' expenditure for the materials necessary to repair the parking lot. According to appellant, even if it breached the May 13, 1996, contract, appellees were still obligated, pursuant to the contract, to pay for the materials necessary to repair the parking lot and, therefore, appellees should not recover, as damages, their expenditures for the materials.

■ ■ Appellant's allegation of error is based on a faulty premise: that the appellees were bound by the provisions of the May 13, 1996, contract even though appellant had breached it. The May 13, 1996, letter agreement was in the nature of an accord, or agreement to substitute a new undertaking in settlement of the dispute over the original February 10, 1995, contract. The question that the trial court impliedly decided was whether there was satisfaction of the accord. The general rule is that if the consideration agreed upon in an accord is not performed then the whole accord fails and recovery may be had for breach of the original contract. *See General Air Conditioning Corp. v. Fullerton,* 227 Ark. 278, 282, 298 S.W.2d 61, 64 (1957); *Boone v. Armistead,* 48 Ark. App. 187, 191, 892 S.W.2d 531, 534 (1995). There are exceptions to this general rule where a *promise* to perform the accord is accepted in lieu of satisfaction, *Lyle v. Federal Union Ins. Co.,* 206 Ark. 1123, 1129-30, 178 S.W.2d 651, 654 (1944), and when a party has taken such action, or accepted such benefits, as

to place it out of his power to abandon the settlement/compromise agreement. *Boone v. Armistead, supra.* Although the trial court did not expressly find that these exceptions were not applicable, we indulge in the presumption that the trial court acted properly and made the findings necessary to support its judgment. *See Ingram v. Century 21 Caldwell Realty,* 52 Ark. App. 101, 103 n.1, 915 S.W.2d 308, 309 n.1 (1996).

■ After appellant breached the May 13, 1996, contract, appellees were free to undertake reasonable efforts to repair the deteriorated and damaged areas of the parking lot, which they did. Given that appellees repaired the parking lot, the appropriate measure of damages to which they were entitled as a result of appellant's breach of the original contract was the cost of the repairs. *See* Howard Brill, *Arkansas Law of Damages* 268 (3d ed. 1996).

■ Appellant also asserts that the circuit court erred in awarding appellees' counsel a fee of $3,500. This allegation of error is procedurally barred from our review. To preserve this allegation of error for our review, appellant should have objected at the circuit court level to the fee award. Because appellant failed to do so, we will not address this allegation of error. *Schueck v. Burris,* 330 Ark. 780, 787, 957 S.W.2d 702 (1997); *Farm Bureau Mut. Ins. Co. v. David,* 324 Ark. 387, 393-94, 921 S.W.2d 930 (1996); *Jamison v. Estate of Goodlett,* 56 Ark. App. 71, 84, 938 S.W.2d 865 (1997).

For the reasons set forth above, we affirm the judgment that the Pulaski County Circuit Court caused to be entered in the instant case in favor of appellees, but modify the amount of judgment from $7,611.71 to $5,130.81 and attorney's fees.

Affirmed as modified.

ROGERS and CRABTREE, JJ., agree.